WINIFRED COLLINS, as Executrix, etc., of LAWRENCE COLLINS, Deceased, Appellant, *v.* NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Respondent.

*Personal injuries — failure to look for an approaching train — illegal rate of speed of the train at a highway crossing is no excuse.*

Where it appears that a person attempting to cross railroad tracks at the intersection of such tracks with a city street did not look for an approaching train until he had stepped upon the tracks, and that he could have seen a train coming if he had looked, there can be no recovery for injuries resulting from his being struck by such train.

The fact that the train was running at a greater rate of speed than was allowed by the ordinance of the city through whose streets it was running, did not absolve such person when approaching the railroad crossing from the necessity of using his senses to avoid the threatened danger.

APPEAL by the plaintiff, Winifred Collins, as executrix, etc., of Lawrence Collins, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 21st day of August, 1895, upon the dismissal of the complaint directed by the court after a trial at the Erie Circuit before the court and a jury.

*Frank Brundage,* for the appellant.

*John G. Milburn,* for the respondent.

LEWIS, J. :

The plaintiff's testator, Lawrence Collins, while attempting to cross a railroad track of the Lake Shore and Michigan Southern Railroad Company, on Seymour street in the city of Buffalo, was struck and killed by one of the defendant's trains of cars passing across Seymour street upon the track of the Lake Shore Company. The plaintiff, as executrix, brought this action to recover the damages sustained by the next of kin by the death of the testator.

The death was concededly caused by the negligence of the defendant, which consisted in its train of cars being run at from twenty-five to thirty miles an hour, in violation of a city ordinance, which limited the running of trains in the city to a rate of speed not exceeding six miles an hour. At the close of the plaintiff's evidence a nonsuit was ordered, upon the ground that the plaintiff had failed to show that the deceased was free from contributory negligence. The accident occurred about seven o'clock in the morning of the 11th day of November, 1894, at a point where the State Line railroad tracks cross Seymour street. Seymour street runs nearly east and west. The railroad tracks run north and south, and cross Seymour street at grade about at right angles. All these tracks are near together. The deceased, so far as it was disclosed by the evidence, was first seen, just prior to the accident, coming from the west, and walking easterly upon the northerly sidewalk of Seymour street. He came to the intersection of Grosvenor and Seymour streets, which is just

west of the westerly rail of the New York Central tracks. There are two tracks of the New York Central crossing Seymour street; just east of, and parallel to, the Central tracks are two tracks of the Lake Shore railroad. Jacob Flierl and Pauline Schrobe, two of plaintiff's witnesses, were standing at the junction of the streets mentioned, waiting for a freight train, which was running southerly upon the easterly Lake Shore tracks, to pass across Seymour street. Collins stood there with them for a minute, and then all three continued along on the northerly side of Seymour street across the tracks of the Central railroad, and when they came to the westerly Lake Shore track the freight train had not yet passed over the crossing, and they halted for a moment, and then they all stepped in between the rails of the westerly Lake Shore track, the deceased being a little in advance of the others. The deceased and Flierl then looked to the north and south along the track on which they were standing to see if a train was approaching. They discovered a train, composed of a locomotive and four cars, approaching on the track on which they were, from the south, close to them. Flierl and Miss Schrobe stepped or jumped back from between the rails; the deceased stepped or jumped forward over the easterly rail of the westerly track into the space between the two Lake Shore tracks. The engine passed without hitting him, but the corner of the first car behind the engine struck him.

It was forty-five feet between the junction of the streets mentioned, along the northerly side of Seymour street, to the first rail of the west Lake Shore track. The Lake Shore tracks southerly from Seymour street were straight for a distance of about 500 feet; then they bent to the east slightly. The deceased had been employed for a number of years as a flagman at a street crossing in the immediate vicinity of Seymour street, and must have been entirely familiar with the railroad tracks across Seymour street, and with the running of trains. There was nothing to prevent his seeing the approaching train, had he looked in that direction, at any time while he was walking the forty-five feet between the junction of the streets mentioned and the Lake Shore tracks. It was daylight at the time. The evidence and circumstances show, beyond any question, that he would have seen the train had he looked in the direction from which it was coming. He walked

the distance mentioned in plain sight of the train, paying no heed to it until he was upon the track on which the train was coming, when he for the first time looked, but it was then too late to avoid the accident. If what occurred after the deceased arrived upon the westerly Lake Shore track, and first saw the approaching train, was the only thing to be considered upon the question of his contributory negligence, a case would have been presented which should have been submitted to the jury. The contributory negligence on the part of the deceased consisted in his going upon the track without having looked to see if a train was approaching. He was entirely familiar with the crossing; he knew that a train was liable at any moment to pass along the track; he knew that the track just east of him was occupied at the time by a passing freight train, which was an obstacle to his escape in that direction, and yet, notwithstanding all this, he went upon the track without having made use of his senses to avoid danger, which he must have known was to be apprehended.

It is urged by the appellant's counsel that the deceased had a right to assume that a train would not be running at a greater rate of speed than that fixed by the city ordinances. The rule referred to does not go to the extent of absolving a person when approaching a railroad crossing on which a train is liable to be running from making use of his senses to avoid danger. ( *Wilcox* v. *Rome, Watertown & Ogdensburgh R. R. Co.,* 39 N. Y. 358; *Cullen* v. *Delaware & Hudson Canal Company,* 113 id. 667; *McGrath* v. *N. Y. C. & H. R. R. R. Co.,* 59 id. 468.)

The judgment should be affirmed.

Bradley, Ward and Adams, JJ., concurred.

Judgment affirmed.