UNION PACIFIC RAILROAD COMPANY V. ANTON RUZICKA.

FILED JULY 22, 1902.   No. 12,135.

Commissioner's opinion, Department No. 1.

1. **Expert Witness:** SPEED OF TRAIN. A witness accustomed to observing the running of trains, and who observed one at the time of an accident, and noticed its speed, may give his opinion, together with all the facts on which it is based, as to the rate of speed at which the train was running. *Chicago, B. & Q. R. Co. v. Clark*, 26 Nebr., 645.

2. **City Ordinance:** PROOF OF ADOPTION. Proof of adoption of an ordinance of a city is indispensable where objection is made on that ground.

3. **Evidence:** CONTRIBUTORY NEGLIGENCE: INSTRUCTION. Evidence *held* not to require a peremptory instruction for defendant on the ground of contributory negligence.

4. **Measure of Damages:** INSTRUCTION: SIGNAL. Where the measure of damages is fixed, an incidental mention in the instructions of a penalty for failure to give signals, is not prejudicial error.

5. **City Ordinance:** INSTRUCTION: FAILURE TO GIVE: NEGLIGENCE. Instruction that a failure to give signals of warning of train, as required by city ordinance, should be considered in deciding as to negligence in killing cattle, is not erroneous because of a failure to repeat, in that connection, an instruction that to authorize a recovery such negligence must be the proximate cause of the damage.

6. **Similar Instruction:** RUNNING TRAINS: ORDINANCE: SIMILAR OBJECTION. A similar instruction as to running trains faster than an ordinance allowed upheld against a similar objection.

7. **Plaintiff's Evidence:** DANGER. Where plaintiff's evidence, if believed, warrants an instruction as to the effect of "sudden and unexpected danger," it is not error to give such instruction in proper terms.

8. **Danger:** EVIDENCE: VISIBLE AND AUDIBLE. In the absence of visible or audible evidence of danger, there is no requirement that a passer stop, as well as "look and listen," before attempting to cross railway track.

9. **Refusal to Instruct.** Not error to refuse to charge that attempting voluntarily to cross in front of a train on the assumption that its speed was no greater than a city ordinance allowed, was negligence, where there was no evidence of plaintiff's acting on such assumption.

ERROR from the district court for Dodge county. Tried below before GRIMISON, J. *Reversed.*

*John N. Baldwin* and *Edson Rich,* for plaintiff in error.

*J. C. Cook, contra.*

HASTINGS, C.

In this case plaintiff in error complains of judgment of the Dodge county district court in favor of one Anton Ruzicka and against the railroad company for $70 and costs for the killing of two heifers upon the company's track by one of its trains. Of all the thirty assignments of error, only thirteen are now urged. Of these the first three, Nos. 4, 5 and 6, are as to admission of statements as to the speed with which the train was going at the time of hitting the cattle. No authority is cited by plaintiff in error with regard to this matter. In each instance the witnesses showed familiarity with the locality, and observation of passing trains, and each testified that the train was running from thirty to thirty-five miles an hour. There seems no objection to taking the opinion of a well-informed witness as to the speed at which a train was going when the witness observed it, where the facts on which such an opinion is based are fully stated as in this instance. *Chicago, B. & Q. R. Co. v. Clark,* 26 Nebr., 645.

Errors Nos. 8 and 9 refer to the introduction of certain sections of an ordinance relating to railway trains in the city of Fremont, within whose limits the damage occurred. The bill of exceptions is certified to as containing all the evidence offered at the trial. The only reference to this ordinance is found on page 76 of the record, as follows:

"Plaintiff offers in evidence section 3 of ordinance 349 of the city of Fremont, Nebraska, marked Exhibit 2.

"Mr. Rich: Defendant objects as incompetent, irrelevant and immaterial and as tending to prove no issue in the case, and not supported by any allegation in the petition. Objection overruled. Exception taken.

"Exhibit 2 received and read in evidence, as follows:

" 'The bell of each locomotive engine shall be rung continually while said locomotive engine is in motion and moving upon any railroad or railway track inside of the city limits.'

"Mr. Button: We now offer in evidence section four of ordinance 349, concerning railroads, of the city ordinances of the city of Fremont, Dodge county, Nebraska, marked 'Exhibit 3.'

"Mr. Rich: Defendant objects as incompetent, irrelevant and immaterial, not being supported by any proper allegation in plaintiff's petition. For the further reason that there is no proof as to the validity or authority of the pretended ordinance. Objection overruled. Exception taken.

"Exhibit 3 received and read in evidence as follows:

" 'Sec. 4. No locomotive engine or railroad car shall be propelled at a greater speed on any railroad or railway track in the city, than at the rate of six miles per hour.' "

The exhibits themselves are not preserved except as they appear above. There is a subsequent reference, in offering a section which was excluded, to a "Revised Ordinances of the City of Fremont." No such book, however, is brought up or proved to exist. As regards section 4, the objection was expressly made that the proof was incompetent, and that there was nothing to establish the validity or authority of the ordinance. As the matter stands in the record here, that is certainly true, and it was error, and prejudicial error, on the part of the trial court to permit the reading of the section in question without proof of its authenticity as a part of an ordinance of the city of Fremont. We are unable to find anything in the record which in any way supplies the defect.

Another error complained of is the refusal to give a peremptory instruction for defendant. This complaint is based on the proposition that the circumstances and the unobstructed view of the track offered to one approaching it when within about forty-five feet show that plaintiff did not properly look for passing trains. Plaintiff's brother,

who was driving, testifies to looking and listening for trains on approaching the track, and seeing only a freight train towards the east switching, and that his attention was not directed west again till his horses were on the track, when the passenger was coming from the west about a block away at a high rate of speed. He hurried his team across, and the cattle following were struck and killed. Whether his conduct was negligent was a question for the jury, and it was not error to leave that question to them.

It is also complained that the court incidentally told the jury that by a failure to ring the bell or sound a whistle for a street crossing the railway company would incur a "certain penalty." The case of *Missouri P. R. Co. v. Geist*, 49 Nebr., 489, is cited. That case was one for personal injury, and it was held that an instruction that a certain action would render the defendant "criminally liable" was out of place in a civil action, and liable to enhance the damages prejudicially. In this case the measure of damage was fixed. It could be no more than the amount of injury to the cattle, and no less, if plaintiff recovered at all. While it was, doubtless, improper to call attention to the penalty by this instruction, it is impossible to see how it was prejudicial.

The giving of instruction number 8 that a failure to ring the bell or sound the whistle might properly be considered in determining whether the defendant was guilty of negligence in killing the cattle is complained of, because the jury was not told in the same instruction that it would be no evidence of negligence in other respects. The jury had been told that plaintiff must prove negligence of defendant, and that it was the proximate cause of the injury. This instruction number 8 was correct so far as it went, and was not necessarily misleading. Defendant's counsel were present to add the caution that this was no proof of negligence in other respects, if such caution was needed. The instruction condemned in *Omaha & R. V. R. Co., v. Krayenbuhl*, 48 Nebr., 553, told the jury they might infer general negligence in running of trains from such evidence.

Complaint is made because the trial court told the jury that a failure to comply with the ordinance as to the speed of trains would permit an inference of negligence from that fact. This would seem to be a very mild statement of the doctrine that a violator of the law "is *ex necessitate* negligent." *Jetter v. New York & H. R. Co.*, 2 Keyes [N. Y.], 154. It is not so strong a statement of the doctrine as is sustained in *Union P. R. Co. v. Rassmussen*, 25 Nebr., 810, 814, cited by defendant. The instruction that such negligence must be the proximate cause of the injury did not need to be repeated in this connection. It is urged that there was error in the court's instruction as to "sudden and unexpected danger." It is not claimed to have misstated the law, but it is urged that there was no evidence on which to base it. Defendant's evidence shows that the unobstructed view is only obtained when one is within about forty-five feet of the track. Plaintiff's action in urging the team across on discovery of the train might not be the best possible under the circumstances, but he was entitled to the indulgence due to one who must act in an emergency, and to have the jury so told.

The complaint because the jury were not told that it was the duty of the plaintiff's driver to stop, as well as look and listen, it hardly seems worth while to discuss. Doubtless, as is held in *Brown v. Chicago & N. W. R. Co.*, 85 N. W. Rep. [Wis.], 271, there are circumstances requiring one who approaches a railroad track to stop and refrain from going upon it. There the court found that the plaintiff recklessly drove his horse in front of an advancing train, which he must have seen in the exercise of ordinary care. But in the absence of visible or audible evidence of danger, we know of no authority for a requirement that the passer stop as well as look and listen.

Nor does it seem that there was error in the trial court's refusing to instruct the jury that it is contributory negligence to voluntarily attempt to cross in front of a train on the assumption that its speed was not greater than the ordinance permitted. There was nothing to show that such

47.

an assumption was in the mind of plaintiff's driver or in any way affected his action. His knowledge of such an ordinance, in any event, would merely go to affect the question of what would be ordinary care, under the circumstances, on his part.

For the error in admitting in evidence without proof of their adoption the two sections of the ordinance as to giving signals and as to the permitted speed of trains, the judgment must be reversed, and the cause remanded.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.