WALLACE HARRIS, APPELLANT, V. LINCOLN TRACTION COM-
PANY, APPELLEE.

FILED APRIL 4, 1907.   No. 14,699.

1. **Trial**: DIRECTING VERDICT.  A motion to direct a verdict is in effect
a demurrer to the evidence of the opposing party, and in passing
on the same the court should consider as established all the facts
proved and all inferences which can be logically and reasonably
drawn from the evidence.

2. **Street Railways**: INJURIES: NEGLIGENCE.  One who negligently at-
tempts to cross a street railway track in front of an approaching
car cannot recover for injuries sustained by being thrown from
his wagon by impact with the car, unless those in charge thereof
wilfully or wantonly produce the collision.

3. ———: ———: ORDINANCES.  The mere fact that the car was run-
ning at a rate of speed prohibited by an ordinance of the city
does not of itself entitle the plaintiff to recover.

4. **Evidence** examined, and *held* insufficient to require its submission
to the jury.

APPEAL from the district court for Lancaster county:
EDWARD P. HOLMES, JUDGE.  *Affirmed.*

*Halleck F. Rose* and *W. B. Comstock*, for appellant.

*Clark & Allen, contra.*

DUFFIE, C.

This action was brought by appellant against the Lin-
coln Traction Company to recover for injuries received by
being thrown from his wagon.  His petition alleges that,
while endeavoring to cross the defendant's tracks, it care-
lessly and negligently ran its car at the rate of 15 miles an
hour, in violation of the ordinance of the city, and without
using reasonable diligence in watching for teams and car-
riages on the track, and without stopping the car as
promptly as possible; that, without giving any warning
or signal of the approach, it ran its car against the vehicle

in which plaintiff was riding, causing him to be thrown violently onto the brick pavement on the street. It is further alleged that defendant, after seeing the perilous situation of the plaintiff, negligently and carelessly failed to stop the car or slacken the speed. The answer is a general denial, coupled with a plea of negligence on the part of the plaintiff.

After the plaintiff had introduced his proof and rested, the court, on motion of the defendant, directed a verdict of "no cause of action," based upon the theory that by the plaintiff's own showing he was guilty of contributory negligence. A motion to direct a verdict for the defendant is in effect a demurrer to the plaintiff's evidence. It is a familiar rule that, on demurrer to the evidence, the party demurring must be treated as admitting all facts proved and all the jury might infer from the evidence of his adversary. Bearing in mind this rule, we are required to determine whether any fact which plaintiff's evidence tends to prove disclosed a case which should have been submitted to the jury. The evidence in brief is to the following effect: The plaintiff was driving two horses to a covered wagon west on O street, on the south side of defendant's double tracks. When between Fifteenth and Sixteenth streets, he crossed diagonally from south to north in a slow trot, and, while so crossing, the electric car ran into the rear left wheel of the wagon from behind, causing him to be thrown from the wagon to the brick pavement. Before attempting to cross defendant's tracks, he did not look or listen for the approach of the car, and he could not, while crossing, see a car approaching from the east, on account of the wagon being covered. On cross-examination he stated that he could not remember that he thought of any danger from an approaching car, although he was well acquainted in the city, and knew that cars were run frequently east and west upon O street. The witnesses testified that the gong of the car was not sounded before the collision; that the car was running from 12 to 15 miles an hour; that the attention of one witness was

directed to the car when distant about 40 or 50 feet from the wagon, and that the car was stopped within a distance of from 10 to 15 feet after the collision occurred. It is also shown that the street railway tracks are in plain sight from the point where the injury occurred for nearly a mile east, so that the plaintiff could have seen a car approaching from that distance, and the motorman could have observed a wagon upon the track for the same distance. Under these circumstances was there any case to go to the jury?

The plaintiff was negligent in attempting to cross the defendant's tracks without looking or listening for an approaching car, and this is especially true where, as in this case, he crossed the tracks in the middle of a block. Having contributed to the accident by his own negligence, there is no principle of law which will allow him to recover, unless he shows that he was wilfully and wantonly run down by those in charge of defendant's car. On this theory, and because of the claim that an ordinance of the city relating to the speed at which cars could be run was being violated, he seeks a reversal of this case. There is no evidence tending to show that the motorman wilfully or wantonly inflicted the injury complained of. It is common knowledge that horses in a trot move at the rate of about 7 miles to the hour or 10 feet to the second. It is also common knowledge that 14 to 15 feet is the distance between outside rails of a double track street railway. The evidence shows that the plaintiff's wagon from the end of the tongue to the rear wheels was 16 feet, making 30 or 31 feet that plaintiff would have to travel in crossing defendant's tracks at right angles. If, as shown by the testimony, the car was running at the rate of 12 to 15 miles an hour, it would be moving at a rate of speed double that of the plaintiff in crossing the track. In other words, this evidence clearly demonstrates that, when the plaintiff turned to cross the tracks, the car was only about 60 or 70 feet distant, and, as it was brought to a stop within 10 or 15 feet of the place where the accident occurred, it

is clearly evident that the motorman, instead of wilfully or wantonly running into the defendant's wagon, brought his car to a halt within a reasonable time, as the distance traveled after plaintiff turned to cross the tracks could not have occupied to exceed three to five seconds. The fact that the car was moving at a rate of speed prohibited by an ordinance of the city will not of itself entitle the plaintiff to recover. The mere fact that a street car is running at a higher rate of speed than any municipal ordinance allows does not give one injured by his own carelessness by impact with such car a right of action. *Ames v. Waterloo & C. F. R. T. Co.*, 120 Ia. 640; *Weber v. Kansas City C. R. Co.*, 100 Mo. 194, 7 L. R. A. 819. The rule that a traveler on a city street about to cross a railroad track has a right to assume that a train will not be running at a greater rate of speed than that limited by municipal ordinance does not absolve him from making use of his senses to avoid danger. *Collins v. New York, C. & St. L. R. Co.*, 36 N. Y. Supp. 942. In *Union P. R. Co. v. Ruzicka*, 65 Neb. 621, it is said at page 625: "Nor does it seem that there was error in the trial court's refusing to instruct the jury that it is contributory negligence to voluntarily attempt to cross in front of a train on the assumption that its speed was not greater than the ordinance permitted. There was nothing to show that such an assumption was in the mind of plaintiff's driver or in any way affected his action. His knowledge of such an ordinance, in any event, would merely go to affect the question of what would be ordinary care, under the circumstances, on his part." The above quotation may be well applied to the case we are considering.

Because of the admitted negligence of the plaintiff in crossing the defendant's tracks in front of an approaching car in plain view of the plaintiff, had he used common and ordinary caution in looking for the same, we recommend an affirmance of the judgment.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment appealed from is

AFFIRMED.