DANIEL H. BURTON, APPELLEE, V. LINCOLN TRACTION COMPANY, APPELLANT.

FILED JULY 7, 1921.    No. 21701.

1. **Negligence:** QUESTION FOR JURY. "Issues as to the existence of negligence and contributory negligence, and as to the proximate cause of an injury, are for the jury to determine, when the evidence as to the facts is conflicting, and where different minds might reasonably draw different conclusions as to these questions from the facts established." *City of Omaha v. Houlihan*, 72 Neb. 326.

2. ———: ———. Evidence in the case at bar examined, and *held*, the same required the application of the rule above quoted.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Hall, Baird & Williams*, for appellant.

*H. N. Mattley, contra.*

Heard before MORRISSEY, C.J., FLANSBURG and ROSE, JJ., DICKSON and TROUP, District Judges.

TROUP, District Judge.

The plaintiff, Daniel H. Burton, brings this action against the defendant, Lincoln Traction Company, to recover damages for personal injuries to himself alleged to have been sustained through the negligence of the defendant company by a collision of one of the defendant's street cars with plaintiff's team and wagon at the intersection of Twenty-seventh and W streets in the city of Lincoln.

The negligence charged against the defendant is that, just before and at the time the accident happened, it was running its car at an unreasonable and reckless rate of speed, and that it was negligent in the operation of said car in that it failed to keep the same under proper control as it approached the intersection where the accident occurred, and although the plaintiff, before and at the time he entered upon said intersection, was in plain view of the defendant's motorman operating said car, he negligently failed to reduce its speed or give plaintiff timely warning of the approach of said car, thus colliding with plaintiff's wagon and injuring the plaintiff.

The defendant, answering, denies the averments of negligence attributed to the defendant, and alleges that the injuries received by the plaintiff were due to the negligence of the plaintiff in attempting to cross the defendant's track in front of the defendant's moving car under such circumstances that it was impossible for the operator of said car to avoid the accident.

The reply of plaintiff denies the allegations of the answer attributing negligence to the plaintiff. A trial of the case before court and jury resulted in a verdict and judgment for plaintiff, from which defendant appeals.

The defendant having made a motion for a directed verdict at the close of plaintiff's evidence, and renewing the same at the close of all of the evidence, and making a like complaint on its motion for a new trial, which motions were all overruled, now submits three assignments of error, but all of the same import, which may be summed up in the single statement: "That the testimony in the case established the gross negligence of the plaintiff and failed to establish any negligence on the part of the defendant." It seems to be agreed by both the plaintiff and the defendant, in which agreement this court concurs, that the above proposition, in turn, resolves itself into the question whether upon the whole case the evidence was such as required its submission to the jury, or should a verdict have been directed for the defendant.

It is in evidence that when plaintiff drove his team and wagon across the defendant's track about 100 yards south of the intersection where the accident happened, for the purpose of driving north on the right-hand side of the street, he looked both north and south and saw no car at all to the south and was certain there was none nearer than Vine street, 100 yards away. He then drove north on Twenty-seventh street parallel with defendant's track at the rate of about 4 or 5 miles an hour for the distance of about 150 feet, which took him to the intersection of Twenty-seventh and W streets, where the accident occurred. It is admitted by the plaintiff that he did not again look south for an approaching street car before venturing to cross defendant's track at the W street intersection. This fact alone, however, is not necessarily conclusive evidence of negligence. It depends much upon what consideration should be given to the fact that the plaintiff had looked for street cars to the south a moment or two before and saw none. In the case of *Fairbanks v. Bangor, O. & O. R. Co.*, 95 Me. 78, it is said: "There is no absolute rule of law that a person riding along a street must look and listen for an approaching car before entering upon the track of an electric railway. Whether his failure to look and listen amounts to negligence must be determined from all the facts and circumstances proved." See, also, *Robbins v. Springfield Street R. Co.*, 165 Mass. 30; *Watson v. Boone Electric Co.*, 163 Ia. 316; *Callett v. Central California Traction Co.*, 36 Cal. App. 240; *Wallenburg v. Missouri P. R. Co.*, 86 Neb. 642.

But, even assuming that the act of the plaintiff in attempting to cross the intersection under the circumstances he did was negligence on his part, neither would this fact alone necessarily bar plaintiff's right to recover. The plaintiff's right to recover would still depend upon the conduct of the defendant and the manner in which it operated its car in approaching the intersection while plaintiff was in the act of making the crossing, and whether the defendant was negligent or not in the opera-

tion of its car at this point, under all the facts and circumstances disclosed by the evidence. "Negligence of plaintiff in driving across a street railway track without stopping to look and listen will not excuse the company from its duty to use reasonable diligence to stop its car after discovering the perilous situation, and if its failure to do so, after seeing the danger, directly and immediately causes an injury to him, the company may be held liable for such injury." *Omaha Street R. Co. v. Larson*, 70 Neb. 591. See, also, *McKennan v. Omaha & C. B. Street R. Co.*, 97 Neb. 281. This was the rule of law even when any act of contributory negligence of the plaintiff would bar recovery. *Harris v. Lincoln Traction Co.*, 78 Neb. 681. A double reason exists for the recognition of the rule at this time, in view of the comparative negligence statute. Rev. St. 1913, sec. 7892.

The motorman in charge of the operation of defendant's car testified that he first saw the plaintiff when he came out of the lumber yard with his team and wagon and crossed the street to the right-hand side thereof and proceeded northward at the time the defendant's car was crossing Vine street, 450 feet to the south, and that he had the plaintiff in plain view from that time until the collision at or near the intersection of W street; that he was running from 8 to 10 miles an hour and could stop his car, when running at that rate of speed, within 25 or 30 feet; that when within about 35 feet of the plaintiff he sounded the gong, and that when it became apparent that plaintiff was attempting to cross the track the car was between 20 and 25 feet away from plaintiff's wagon, "then I applied the air, that is all there is to it;" that the defendant's car then hit the wagon, but not hard enough to jolt it much, and the car stopped exactly where the wagon was hit.

The plaintiff testified that he was upon the crossing when he first saw defendant's car; that his attention was first attracted to it by the ringing of the bell, and which seemed to him at that time was about 50 or 60 feet away,

but that it was upon him in an instant; that the car hit his wagon two times, and that it was the second time that caused him to be thrown from the wagon and injured.

Other witnesses also testified to different versions as to how the accident happened, but we think enough has been stated to show that there was such a conflict in the evidence upon material issues as to require a submission of the case to the jury. "Issues as to the existence of negligence and contributory negligence, and as to the proximate cause of an injury, are for the jury to determine, when the evidence as to the facts is conflicting, and where different minds might reasonably draw different conclusions as to these questions from the facts established." *City of Omaha v. Houlihan,* 72 Neb. 326. See, also, *Kafka v. Union Stock Yards Co.,* 87 Neb. 331.

We think the conflict in the evidence in the case at bar required the application of the rule above quoted. The trial court submitted all the issues concerning which there was a conflict of testimony to the jury by appropriate instructions, to which no complaint is made. We think the court did not err in so doing, and the judgment below is, therefore,

AFFIRMED.