LILLIAN E. BAKER, APPELLEE, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED APRIL 21, 1923. No. 22328.

1. Street Railways: USE OF STREETS. The right to use street intersections in cities by street cars and pedestrians is mutual, relative, and reciprocal.

2. Negligence: CONTRIBUTORY NEGLIGENCE: DAMAGES. "If, on the trial of an action 'brought to recover damages for injuries to a person or to his property caused by the negligence of another,' plaintiff is found to be guilty of negligence dirctly contributing to the injury complained of, he cannot recover, even though defendant was negligent, unless the contributory negligence of plaintiff was slight and the negligence of defendant was gross in comparison therewith; and if, in comparing the negligence of the parties, the contributory negligence of the plaintiff is found to exceed in any degree that which, under the circumstances, amounts to slight negligence, or if the negligence of defendant falls in any degree short of gross negligence under the circumstances, the contributory negligence of plaintiff, however slight, will defeat a recovery. And even when plaintiff has established his right to recover under this rule, it is the duty of the jury to deduct from the amount of damage sus-

tained such amount as his contributory negligence, if any, bears to the whole amount of damage sustained. Rev. St. 1913, sec. 7892." *Morrison v. Scotts Bluff County,* 104 Neb. 254.

3. **Trial:** INSTRUCTIONS. The charge of the court examined, and *held* to be free from reversible error, and to fairly include matters contained in instructions tendered by appellant and refused by the court.

4. **Damages.** *Held,* that under all the evidence, facts, and circumstances, the verdict in this case is not excessive.

APPEAL from the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Affirmed.*

*John L. Webster,* for appellant.

*Crofoot, Fraser, Connolly & Stryker, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and DAY, JJ., BUTTON, District Judge.

BUTTON, District Judge.

Lillian E. Baker was, at about 7:45 o'clock a. m., on October 4th, 1920, a passenger on one of appellant's street cars and was traveling north on Twenty-fourth street, Omaha, Nebraska. She alighted from the front end of this car at the intersection of Twenty-fourth and Evans streets where the car stopped to discharge its passengers. She passed to the south to the rear end of this car and then proceeded to cross the tracks near the rear end of the car from which she had alighted. She was a student of the University of Omaha, located near this intersection, and was on her way to school. The track upon which this car had arrived, and upon which it was standing while discharging its passengers, was paralleled by another track upon which cars traveling in the opposite direction passed. These tracks were a little more than four feet apart, but the space between the sides of the cars, as they passed each other, was only about ten inches. As Miss Baker passed around the rear of the car, and was crossing the tracks, she says she listened for an approaching car, but heard no signal. She also says she looked for an approaching car as she passed the side of the standing car, and claims she then saw the approaching car and heard

the gong, but at that very instant was struck by the front end and side of the passing car, which, it is claimed, was running at a rapid and unlawful rate of speed. Another passenger, just ahead of Miss Baker, had stepped upon the passing track and was struck, but Miss Baker was struck just at the instant she was about to step upon the passing track, but before she had done so.

There is a sharp conflict in the testimony as to the rate of speed at which this passing car was running at the time of the collision. And there is also a sharp conflict as to whether Miss Baker looked and listened before attempting to make the crossing. Appellee's witnesses place the rate of speed at the time of the impact at from 18 to 25 miles an hour, much in excess of 15 miles an hour, the maximum allowed by the ordinance of the city. The testimony of appellant brings the rate of speed well within the maximum allowed by the ordinance and at all times reasonable and proper. The appellant also offered some testimony as to the distance in which a car, moving at 25 miles an hour, could be stopped, in an effort to show 25 miles an hour impossible.

The situation created at this crossing was a very dangerous one. The duty of the appellant and appellee was a mutual one. Each should have used a reasonable degree of care to avoid an accident. If the car was operated at a high rate of speed as it passed the standing car discharging its passengers, under the circumstances it was gross negligence on the part of appellant. If appellee failed to look and listen for an approaching car before trying to make the crossing, she was guilty of contributory negligence that was more than slight, and she cannot recover, even though appellant's negligence was gross. After a careful examination of the evidence, we cannot say, as a matter of law, that the negligence of appellant was less than gross, nor that the negligence of appellee was more than slight, in comparison. Under the comparative negligence statute of this state, the court must find one of these two things to exist before it

is justified in taking a case from the jury, or that there was more than slight contributory negligence, as a matter of law. We believe the rate of speed of this car at the time of the impact, whether or not appellee looked and listened before attempting to make the crossing at a time when by listening she might have heard the signal from the car, and by looking she might have seen the car in time to have prevented the accident, and whether or not the speed of the car was so great that it could not be stopped in time to have prevented the collision, were all questions of fact to be submitted to the jury under proper instructions.

Many of the cases cited by appellant are from courts where the statute of comparative negligence does not exist. In some of those jurisdictions slight contributory negligence prevents a recovery. To apply this rule in this jurisdiction would be to render nugatory our statute. And some of the cases cited are out of harmony with the rule prevailing in this state and, as we believe, against the weight of authority.

The right to use street intersections in cities by street cars and pedestrians is mutual, relative, and reciprocal. And if both appellant and appellee were guilty of negligence in the exercise of such use, unless the court can say as a matter of law, from all the evidence, facts, and circumstances, the negligence of the appellant was less than gross, or that the negligence of the appellee was more than slight, in comparison, or that the negligence of appellee was more than slight, as a matter of law, regardless of whether appellant was guilty of negligence or not, the questions involved were matters of fact calling for the services of the jury under proper instructions by the court, if there were sufficient evidence to support a verdict for the plaintiff. *Morrison v. Scotts Bluff County,* 104 Neb. 254; *Stewart v. Omaha & C. B. Street R. Co.,* 88 Neb. 209; *Bremer v. St. Paul City R. Co.,* 107 Minn. 326, 21 L. R. A. n. s. 887; *Burton v. Lincoln Traction Co.,* 106 Neb. 521.

Appellant excepts to the last part of instruction No. 9 which reads as follows:

"It is the duty of a pedestrian to look before he crosses the track, and, if there is an obstruction which interferes with his view he should use additional care."

Appellant claims the clause, "he should use additional care," is vague and uncertain. Yet appellant's request No. 6, contains practically the same language. When instruction No. 9 is read in connection with the whole charge we believe the clause complained of is not misleading.

Appellant's complaint with reference to instruction No. 10 is based upon his construction of the evidence. Of course, if appellee were guilty of more than slight negligence, whether appellant was guilty of negligence or not becomes immaterial, it was the duty of the court to have directed a verdict for appellant. We do not so construe the evidence. As said before, we are unable to say, as a matter of law, that appellant's negligence was more than slight; hence, the question was one for the jury under the comparative negligence statute. This instruction simply called attention to this statute, and the court gave a proper instruction explaining the application of this statute.

The matters set forth in instructions Nos. 4 and 6 are fully covered by the court in its own instructions and these instructions were properly refused.

The evidence with reference to appellee's injuries seems ample to sustain the verdict. The medical experts differ to some extent. However, Dr. Kennedy was very conservative and knew all the facts, and his testimony alone is sufficient to sustain a verdict if believed by the jury; and it evidently was. We are of the opinion, under all the evidence, that the verdict is not excessive.

Finding no reversible error in the record, the judgment is

AFFIRMED.