# CASES

### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT OF ILLINOIS.

THE CHICAGO CITY RAILWAY COMPANY

*v.*

MARY A. ROBINSON, Admx.

*Filed at Ottawa November 15, 1888.*

| | |
|---|---|
| 127 | 9 |
| 37a | 454 |
| 127 | 9 |
| 141 | 627 |
| 127 | 9 |
| 154 | 432 |
| 127 | 9 |
| 54a | 308 |
| 58a | 420 |
| 127 | 9 |
| 61a | 164 |
| 127 | 9 |
| 76a | 502 |
| 127 | 9 |
| 82a | 107 |
| 127 | 9 |
| 196 | ²414 |
| 127 | 9 |
| 199 | ³15 |
| 127 | 9 |
| 104a ⁵ | 18 |

1. NEGLIGENCE—*as a question of law or of fact—circumstances making the question one purely of fact.* It is only when the conclusion of negligence necessarily results from the statement of fact, that the court can be called upon to say to the jury that a fact establishes negligence as a matter of law.

2. The fact that a person passing over a sidewalk crossing in a city, steps on the track of a street railroad, whether the cars accustomed to run thereon are horse cars or grip cars, without first stopping to look and see whether a car is approaching, is not, as matter of law, and without regard to surrounding circumstances, negligence and a want of ordinary care. The question of negligence and a want of ordinary care is, in such case, a question of fact for the jury, in the light of the attendant circumstances.

3. Where street car tracks are in close proximity, the running of a car or train of cars in one direction at a rapid speed, without signal or warning, over a sidewalk crossing, while a car or train bound in the opposite direction is discharging passengers at such crossing, and where the view of the approaching train is obstructed by the standing cars from which the person injured had just alighted, is such conduct as

fairly tends to prove culpable negligence, even though the rate of speed of the approaching train does not exceed that allowed by ordinance; and it can not be said, as matter of law, that such conduct is not negligence.

4. Same—*injury to a child—of imputing negligence to parent.* An instruction in an action to recover for the death of a child six years old by negligence of the defendant, based upon the fact that the child itself was in the exercise of ordinary care when he was killed, need not contain any reference to the care or negligence on the part of its parent.

5. Where a child killed through defendant's negligence was in the exercise of ordinary care and prudence, the question of the degree of care and vigilance of its mother is immaterial, so far as the liability of the defendant is concerned.

6. In a case where the conduct of an infant would not be negligence in an adult, the question of imputable negligence is immaterial.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. Richard W. Clifford, Judge, presiding.

Messrs. Hynes & Dunne, for the appellant:

Appellant was guilty of no negligence. It was not its duty to stop at every crossing. *Railway Co.* v. *Casey,* 56 Ind. 396; *Young* v. *Harvey,* 16 id. 314.

The negligence of the plaintiff and deceased is, of itself, sufficient to defeat a recovery. *Railway Co.* v. *Gersten,* 15 Bradw. 614.

The failure to stop before attempting to cross, and look to see if a train was coming, is negligence *per se. Railroad Co.* v. *McKean,* 40 Ill. 236; *Jacob's case,* 63 id. 179; *Railway Co.* v. *Dimick,* 96 id. 45; *Railroad Co.* v. *Bell,* 70 id. 102; *Railroad Co.* v. *Houston,* 95 U. S. 697; *Haven* v. *Railway Co.* 41 N. Y. 296; *Baxter* v. *Railway Co.* id. 503.

The negligence of the child must be imputed to the parent. *Railway Co.* v. *Grablé,* 88 Ill. 441; *Railway Co.* v. *Stratton,* 78 id. 88; *Reed* v. *Railway Co.* 34 Minn. 557.

This doctrine of imputed negligence,—that want of care on the part of the parent or guardian furnishes the same answer

to an action by the child as would the omission of proper care on the part of the plaintiff in an action by an adult,—is further supported by the following cases: *Willetts* v. *Railroad Co.* 14 Barb. 585; *Honegsburgh* v. *Railroad Co.* 33 How. Pr. 193; 16 Keys, 570; *Mangam* v. *Railroad Co.* 38 N. Y. 455; Wharton on Negligence, sec. 311, note.

There can be no recovery where the plaintiff is guilty of want of ordinary care, unless the injury was willfully or wantonly inflicted. *Railroad Co.* v. *Weisbeck*, 14 Bradw. 530; *Railroad Co.* v. *Hetherington*, 83 Ill. 516.

The cases all go the length of holding, when a person has been injured for want of ordinary care, no action will lie, unless the injury is willfully inflicted by the defendant. *Railroad Co.* v. *Lee*, 68 Ill. 580; *Railroad Co.* v. *Johnson*, 103 id. 514; *Railroad Co.* v. *Sweeney*, 52 id. 325; *Railroad Co.* v. *Gretzner*, 46 id. 74; *Railroad Co.* v. *Van Patten*, 64 id. 510; *Railroad Co.* v. *Green*, 81 id. 19; *Railroad Co.* v. *Lee*, 68 id. 576.

Messrs. FRANK J. SMITH & HELMER, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

In this case, appellee, as administratrix of her intestate, a boy some six years old, recovered judgment in the Cook circuit court for $1500, damages, against appellant, for wrongfully causing the death of such intestate, through the negligence of its servants. The judgment was affirmed in the Appellate Court for the First District.

Two grounds are urged in this court for the reversal of the judgment. One is, the refusal of the trial court, when the plaintiff below rested her case in chief, to instruct the jury to find for the defendant, because there was no evidence of negligence on the part of defendant, and no evidence of due care on the part of the plaintiff. We can not accede to either of the propositions involved in the motion that was made by

appellant. It is only when the conclusion of negligence necessarily results from the statement of fact, that the court can be called upon to say to the jury that a fact establishes negligence, as a matter of law. (*Chicago and Eastern Illinois Railroad Co.* v. *O'Connor*, 119 Ill. 586.) The fact that a person passing over a sidewalk crossing in a city, steps onto the track of a street railroad, whether the cars accustomed to run thereon are horse cars or grip cars, without first stopping and looking to see whether a car is approaching, is not, as matter of law, and without any regard to surrounding circumstances, negligence and a want of ordinary care. The question of negligence and a want of ordinary care is, in such cases, a question of fact for the determination of the jury, in the light of the attendant circumstances.

Where street car tracks are in close proximity, to run a car or train of cars in one direction, at rapid speed and without signal or warning, over a sidewalk crossing, while a car or train bound in the opposite direction is discharging passengers at such crossing, and where, as in this case, the view of the approaching train is obstructed by the standing car from which the person injured has just alighted, is surely conduct which fairly tends to prove culpable negligence, even though the rate of speed of such approaching train does not exceed that which is permitted by ordinance, and it can not be said, as matter of law, that such conduct is not negligence. From the testimony for appellee contained in this record, we think it was not manifest error to deny the motion of appellant to take the case from the jury.

It is urged that the first instruction for appellee was erroneous, in that it contained no reference to the element of contributory negligence on the part of the mother of the deceased child. The theory of the instruction was, that the child himself was in the exercise of ordinary and reasonable care at the time he was killed. Several of the instructions given at the instance of appellant were predicated upon the same theory

of fact that lies at the foundation of this instruction in question,—*i. e.*, that the deceased was capable of exercising ordinary care and prudence,—and said instructions stated fully the duty thereby incumbent upon deceased in that regard. The jury, in returning a verdict for appellee, under the instructions of the court, must necessarily have found that the child was in the exercise of ordinary care and prudence. In such state of the case,—and it is the case stated hypothetically in the instruction,—it would be a matter of no moment, in respect to the liability of appellant, what degree of care and vigilance the mother was exercising for the safety of her child, since the child himself was using all the care which the occasion required. In a case where the conduct of an infant would not be negligence in an adult, the question of imputable negligence is immaterial. (*Cummings* v. *Brooklyn City Ry. Co.* 6 Cent. Rep. 394.) The view, the minor did not use, and was incapable of exercising, care, by reason of his tender years and immature judgment, and that in the event the jury so found, the doctrine of imputable negligence, on account of the neglect of the mother, was applicable to the case, was fully given to the jury in instructions tendered by appellant. Appellee made no claim, at the trial, that the age of the deceased would excuse in him conduct which would be negligence in a person of mature judgment; and as the case went to the jury upon the instructions, the issue was conceded to appellant, without the jury found, from the evidence, that the child was in the exercise of ordinary care at the time he was killed. We think the instruction complained of was not erroneous.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE BAILEY, having heard this case in the Appellate Court, took no part in its decision here.