## OMAHA STREET RAILWAY COMPANY V. CAROLINE LOEHNEISEN, ADMINISTRATRIX.

FILED APRIL 3, 1894.    No. 5361.

1. **Negligence**: QUESTION FOR JURY. It is the settled rule in this state that where different minds may reasonably draw different inferences from the same state of facts as to whether such facts establish negligence or contributory negligence, the question of negligence must be left to the jury.

2. ———: ———. The facts of this case examined, and *held* to be within the rule above stated.

ERROR from the district court of Douglas county. Tried below before DAVIS, J.

The opinion contains a statement of the case.

*John L. Webster*, for plaintiff in error:

The public has demanded rapid transit. A higher degree of care is required of the public than under the horse car system. (*Carson v. Federal Street & Pleasant Valley R. Co.*, 15 L. R. A. (Pa.), 257, and cases cited.)

Passengers and traveling public are bound to look out for approaching trains when crossing an electric street car track. (*Thomas v. Citizens Passenger R. Co.*, 132 Pa. St., 504; *Ehrisman v. East Harrisburg City Passenger R. Co.*, 24 Atl. Rep. [Pa.], 596; *Ward v. Rochester Electric R. Co.*, 17 N. Y. Supp., 427.)

When Loehneisen stepped from the car into the street he was no longer a passenger, but a traveler in the street. (*Creamer v. West End Street R. Co.*, 31 N. E. Rep. [Mass.], 391.)

To alight from one car and then attempt to cross a parallel track without looking for approaching train is negligence. (*Busby v. Philadelphia Traction Co.*, 126 Pa. St.,

559; *Schmidt v. McGill,* 120 Pa. St., 412; *Weber v. Kansas City Cable R. Co.,* 100 Mo., 194; *Chicago City R. Co. v. Wilcox,* 4 Am. R. & Corp. Cas. [Ill.], 672.)

*De France & Richardson, contra:*

Under all the facts and circumstances shown by the evidence in this case, the question of the negligence of the deceased was properly submitted to the jury. (*Chicago City R. Co. v. Robinson,* 127 Ill., 9; *Shea v. St. Paul City R. Co.,* 52 N. W. Rep. [Minn.], 902; *Dale v. Brooklyn City H. P. & P. R. Co.,* 1 Hun [N. Y.], 146; *Orleans Village v. Perry,* 24 Neb., 833; *Atchison & N. R. Co. v. Bailey,* 11 Neb., 332; *Stevens v. Howe,* 28 Neb., 547; *Johnson v. Missouri P. R. Co.,* 18 Neb., 690; *City of Omaha v. Ayer,* 32 Neb., 386; *City of Plattsmouth v. Mitchell,* 20 Neb., 228; *Terry v. Jewett,* 14 Hun [N. Y.], 399; 2 Thompson, Trials, sec. 1648.)

IRVINE, C.

The defendant in error, as administratrix of the estate of Carl Loehneisen, deceased, brought this action under chapter 21 of the Compiled Statutes, alleging negligence on the part of the street railway company, causing the death of her intestate. The errors assigned relate to the giving and refusal of instructions, and for the purpose of considering these errors we adopt the statement of facts made in the brief of the plaintiff in error. We have, however, somewhat abridged that statement. Loehneisen was forty-seven years of age, and employed as a laborer near South Omaha. On the evening of March 22, 1890, he was returning to his home in the city of Omaha on a train of plaintiff in error, hereinafter referred to as the railway company. The train was operated by electricity and consisted of two cars, one a motor, the other a trailer, both of them closed cars. The train was passing northward on Sixteenth street, and was brought to a stop at the usual place for passengers to

alight just after crossing Jackson street.   The surface of the street was almost level for a considerable distance in each direction from this point.   There were two tracks upon the street, four feet apart.   The west track was used for south bound trains, the east track for north bound trains.   Loehneisen was familiar with the street car lines and the movement of cars thereon.   After the car stopped he alighted from the front platform of the trailer on the side next the parallel track, and, stepping across the space between the two tracks, and upon the parallel track, he was struck by a train going south upon that track.   At the time when he stepped upon the west track he did not have time to walk across it before the south bound train struck him.   There is a conflict of testimony as to the rate of speed of the south bound train and as to whether or not signals were given of its approach.

The petition alleged, as negligence upon the part of the railway company, first, the failure to provide gates or other guards upon the platforms of its cars on the side next the opposite and parallel tracks; second, the failure of the company to warn passengers, and particularly the deceased, of the danger of getting off the car on the side next the parallel track and not warning him to look out for approaching trains on that track; third, in running the south bound train at a high and dangerous rate of speed and failing to give any signal of its approach; fourth, in running the south bound train at a high and dangerous rate of speed while passing a north bound train standing still for the purpose of receiving and discharging passengers without giving signals or warning of its approach.

We quote all the instructions given by the court upon the subject of negligence and contributory negligence, and we do so not only for the purpose of more clearly presenting the questions raised as to errors in the giving and refusing of instructions, but also for the reason that these instructions, in our opinion, state concisely and correctly the

law applicable to the questions presented in this case. These instructions are as follows:

"You are instructed, first—That the ground of plaintiff's action is negligence on the part of the defendant, its agents and employes engaged in running its trains of cars, and the burden is upon the plaintiff to establish by a preponderance or greater weight of evidence the allegation in the petition that the injuries received by the deceased were caused by the negligence of defendant or its employes. The mere fact that an accident occurred whereby the deceased was killed by the cars of the defendant is not sufficient to establish the liability of the defendant. Before the plaintiff can recover she must go further and prove by a preponderance of testimony that the injury resulted from negligence or want of due care on the part of the defendant or its employes.

"Second—Negligence is the absence of such care, prudence and attention as under the circumstances duty requires should be given or exercised. It is the omission to do something which a reasonable man, guided by the considerations which ordinarily regulate the conduct of human affairs, would do in the circumstances shown; or it is the doing of something which such a prudent and reasonable man would not do in the circumstances.

"Third—It is the duty of a street railway company operating trains upon the public streets of a city in running its trains to exercise such care and precaution for the safety of passengers upon such trains or when alighting therefrom as a reasonable and prudent man would exercise (in the same circumstances), having in view the necessities of the public service and the safety of the passengers. A failure to exercise such care is negligence.

"Fourth—The mere fact that a train of cars on a street railway is run at a greater speed than is prescribed by the city ordinance is not of itself such negligence as will make the company liable; but if you believe from the testimony

that the train which struck deceased was run at a greater speed than eight miles per hour at the time of the accident, and that but for such excessive rate of speed the accident would not have occurred, then you would be justified in finding the defendant guilty of negligence in running its trains at such excessive speed; and if you should find the defendant guilty of negligence in that regard, and that the injury to the deceased resulted from such negligence while the deceased himself was in the exercise of due care, and was himself without negligence, then the defendant would be liable.

" Fifth—If you believe from the evidence that the defendant permitted passengers to get on and off of its cars at such place, and that the arrangement and use of the place of exit by passengers between the tracks was such as to afford an invitation to the deceased to get off at such place, then in such case the deceased was justified in believing that such exit was a suitable and safe place for him to alight, and was justified in believing that the defendant would exercise such care in regulating its cars that passengers would be warned and notified of the approach of cars on the parallel track · while passengers were being discharged; and if you further believe that while so alighting the defendant's employes did not give the deceased notice or warning of the approach of the train going south and that the deceased himself was exercising such care and prudence as a reasonable and prudent man would exercise in the same circumstances, but notwithstanding was injured, and that his injury resulted from the negligence of the defendant, then the defendant would be liable.

" Sixth—Although you believe from the testimony that the defendant was negligent in operating its trains at the time of the accident, it is not liable, if you also believe from the testimony that the deceased himself did not exercise such care and prudence as a reasonable and prudent man ordinarily would exercise in the same circumstances.

In determining whether the deceased was guilty of negligence you will consider all the facts shown by the evidence. You will consider his knowledge of the manner in which trains were run at the place where the accident occurred, the opportunities he had for observing the approach of trains on the parallel track, and his right to assume that the defendant would not place him in a position of unnecessary danger, and any other fact or circumstances shown by the evidence. If after considering all of these you believe that a reasonable and prudent man would, before stepping upon the parallel track, listen or look for an approaching train, and that the deceased failed to do so, then such failure would be negligence on his part.

"Seventh—If you find the deceased was guilty of negligence as defined in the preceding instructions, then the plaintiff cannot recover in this action unless you further find that, after the deceased placed himself in his dangerous position, the employes of the defendant engaged in operating its trains discovered the dangerous position of the deceased, and might thereupon, by the use of such means as they had at hand, in the exercise of due care, avoid the accident.

"Eighth—You are further instructed that if you find from the evidence that the deceased was guilty of contributory negligence in stepping upon the west track without looking for an approaching train, and if you further believe from the evidence that the employes of the company in charge of the south bound train, by use of due care and diligence, could not have stopped the said train after they saw deceased on the track in front of the train, before said train struck him, then the plaintiff cannot recover in this action, and your verdict should be for the defendant."

We have but one criticism to make upon these instructions, and that is, that the court did not state to the jury in connection with the general rule as to what constitutes negligence, the particular rule of care required of carriers of pas

sengers; but if this was erroneous, it was an error of which
the railway company cannot complain, and the case having
gone to the jury without such a special instruction, but upon
instructions stating the rule of care as applied to persons
not passengers, there is eliminated from the case the ques-
tion raised by the railway company as to whether or not
Loehneisen had ceased to be a passenger at the time of his
injury.

The whole argument of the plaintiff in error is in effect
addressed to the proposition that under the facts of the case
the trial court should not have left the question of contrib-
utory negligence to the jury, but should have instructed
the jury that as a matter of law Loehneisen was guilty of
contributory negligence in stepping upon the west track
without looking for approaching trains.    This argument is
based upon the assignments of error relating to the giving
of the fifth instruction above quoted, and to the refusal of
each of the thirteen instructions asked by the company.

The case does not call for any extended discussion.   The
rule in this state is well established, that questions of neg-
ligence and contributory negligence are for the jury where
the facts are such that reasonable minds may honestly draw
different conclusions therefrom.    It is only where opinions
cannot reasonably differ as to the inference to be drawn
from the facts that the court is justified in withdrawing
the question from the jury.    This rule has often been an-
nounced and adhered to.    However applicable the Penn-
sylvania and Massachusetts cases cited by plaintiff in error
may be to the law of those states, they are not applicable
to the law of this state.

Our courts have never undertaken to determine, except
under the limitations just stated, what facts constitute neg-
ligence or contributory negligence.    Is this case within the
exception?    If Loehneisen left the train at a point on the
street where it was proper and customary for passengers to
alight, while the train was standing still for the purpose

of permitting passengers to alight; if he alighted by means of a platform and steps manifestly intended to afford a means of egress for passengers; if there was no gate or barricade to prevent his using that particular platform; if there was no warning given him of the danger of using it, then he certainly was justified in believing that due care would be exercised by the company in regard to approaching trains on the parallel track. This portion of the instruction must also be taken in connection with the sixth instruction. If, in addition to these facts, the company did not give Loehneisen warning of the approach of the south bound train, then, taking all the circumstances together, there can be no doubt that the inference of negligence upon the part of the railway company was a reasonable one and properly left to the jury. So as to contributory negligence. If the facts were found as above stated, and if it further appeared that Loehneisen did not look out for trains on the west track, still it does not follow that the only reasonable conclusion was that he was negligent. The facts would justify a reasonable inference that a man of ordinary prudence would alight at the place and in the manner provided for him by the company, relying upon the company's duty to render his egress safe and to give warning of danger of approaching trains. All these facts and inferences were left by appropriate instructions to the determination of the jury. The fifth instruction complained of, taken in connection with the others, was an absolutely correct statement of the law.

It will not be necessary to quote the instructions requested by defendant and refused. They were all in conflict with those we hold to have been correctly given. Every one of them either ignored some essential element or withdrew from the jury some element proper for its consideration.

JUDGMENT AFFIRMED.

Post, J., not sitting.