ORLANDO S. WOOD, APPELLANT, V. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLEE.

FILED APRIL 24, 1909. No. 15,669.

1. **Street Railways: INJURY: CONTRIBUTORY NEGLIGENCE.** In a suit against a street railway company for personal injuries, plaintiff is chargeable with contributory negligence, and defendant is not liable for damages, where the petition shows plaintiff was standing between the rails at a street intersection on a cross-walk at night waiting for the car which struck him; that he was only required to take one step to prevent the impact; that the car was equipped with a headlight; that he saw it 30 feet away, and could have seen it a long distance; that there was nothing to indicate his inability to use his senses in avoiding danger; and that defendant stopped its car with the rear end at the cross-walk where he was standing, the motorman under such circumstances having the right to assume, until plaintiff's danger became apparent, that he would step off the track.

2. ——: ——: ——. A person who waits for a street car at a proper cross-walk, sees the car coming, and is struck and injured by it through his own negligence cannot recover damages on the sole ground that the motorman failed to sound the gong.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*L. D. Holmes,* for appellant.

*John L. Webster, W. J. Connell* and *Victor McLucas,* contra.

ROSE, J.

An electric passenger car operated by defendant on its street railway in Omaha struck and injured plaintiff, and this suit was brought by him to recover damages in the sum of $10,000. A general demurrer to the petition was sustained by the trial court. Plaintiff refused to plead further, and stood upon his petition. A dismissal of the case followed, and plaintiff appeals.

The only question presented is the sufficiency of the

petition to state a cause of action. The allegations material to this inquiry are: "(1) The defendant herein is a corporation duly organized and engaged in the business of operating street cars in the city of Omaha and other places for the purpose of carrying passengers.

"(2) That on October 17, 1905, the plaintiff, desiring to take the electric car of the defendant going east on California street at the east side of Thirtieth street and at the intersection of said streets, passed from the north side of said California street south and across the tracks of the said defendant until he reached a point upon said crossing, as he supposed, south of the tracks of the said defendant; that the night was dark, and the ground was muddy, and he was unable to see the tracks of the said · defendant or the said cross-walk, but was standing on said cross-walk, as he afterward ascertained, about six inches north of the south rail of the said south track of the defendant, while waiting for said car, instead of south of said track, as he intended and supposed; that, while he was so standing, one of defendant's electric cars approached from the west coming over the hill west of Thirtieth street, and was running at a very great rate of speed; that plaintiff could not and did not discover that he was inside of said track as above alleged until the car was within about 30 feet of the place where he was standing; that he then discovered for the first time that he was in a position of danger, and immediately sprang toward the south to escape the car, but it was running so fast that it struck him before he could escape danger, and the car ran the full length of itself after it had struck him, and knocked him down before it stopped. Plaintiff further alleges that said car was provided with a headlight, and the motorman could have seen this plaintiff from his station on the car a long time before said car reached the place where plaintiff was standing, and could . have stopped the car after discovering plaintiff's peril and before it struck the plaintiff had he used reasonable diligence, but wrongfully neglected to ring the bell or

give any warning to this plaintiff, and wrongfully and negligently ran said car against this plaintiff. Wherefore the plaintiff says that said defendant wrongfully and negligently injured and wounded the said plaintiff without negligence on his part. Plaintiff further alleges that said car was running swiftly eastward at the intersection of Thirtieth and California streets, and the motorman carelessly and negligently caused said car to be running swiftly at that point, and wrongfully and negligently failed to have said car under his control, and thereby wrongfully and negligently caused said car to run against said plaintiff, and to bruise and wound him without negligence on his part."

In the argument to sustain the petition plaintiff insists that his being on the street railway track was not negligence as a matter of law, and that he did all a reasonably prudent person could do to protect himself from injury. The trial court took a different view of the controversy. The petition shows that plaintiff was standing between the rails of defendant's track. He was on the proper cross-walk waiting for an eastbound car on California street to approach from the west. The car that struck him came from that direction on the street named, and was provided with a headlight, which would necessarily shine in front of the car between the rails. There was nothing between him and the approaching car to prevent him from seeing the headlight, and for a long distance his view of the lighted car was unobstructed; otherwise he could not have alleged that by reason of the headlight the motorman could have seen him a long time before the car reached the place where he was standing. From where he stood the darkness would naturally heighten the effect of the approaching headlight. Under such circumstances, the failure to see the track on account of darkness and mud would ordinarily arouse a person to a sense of danger. In any event, it was plaintiff's duty under the facts pleaded to look for the approaching car. *Robinson v. Union R. Co.*, 106 N. Y. Supp. 203; *Harris*

*v. Lincoln Traction Co.*, 78 Neb. 681. Though one equipped with a headlight was coming, he stood between the rails in front of it, and did not see it until it was within about 30 feet of him, when, as he alleges, it was too late to escape danger. His conduct amounted to negligence which contributed to his injury, and no other reasonable inference can be drawn from the facts stated in the petition.

Plaintiff also appeals for relief under the familiar doctrine of the last clear chance. He insists that, though he may have been negligent in remaining on the track, the motorman by the exercise of ordinary care could have stopped the car in time to prevent injury after he discovered or could have observed plaintiff's exposed position. The allegations that the car was provided with a headlight and that the motorman could have seen plaintiff a long time before he was struck warrant the inference that plaintiff could have seen the headlight of the approaching car. Under the facts pleaded, the motorman had a right to assume, until the danger of plaintiff's position became apparent, that he would step off the track before the car reached the cross-walk where he was standing. Plaintiff was waiting near the usual place to receive passengers, and there was nothing alleged to disclose any inability on his part to apprehend danger. These are circumstances under which a motorman may approach a person upon the assumption that he will step off the track before the car reaches him. *McLean v. Omaha & C. B. R. & B. Co.*, 72 Neb. 447, 450; *Duteau v. Seattle Electric Co.*, 45 Wash. 418; *Garvick v. United R. & E. Co.*, 101 Md. 239.

A street railway company is guilty of negligence if it fails to give proper warning that its cars are approaching public crossings, as held in *Stewart v. Omaha & C. B. Street R. Co.*, 83 Neb. 97; but this rule does not relieve plaintiff in the present case from the consequence of his own negligence as disclosed by his petition which shows that he saw the car 30 feet away; that he was required

to take one step only to prevent a collision; that his view of the approaching car was not obstructed; that by keeping a lookout he could have seen the car a long time before it reached the cross-walk where he was standing; and that there was nothing to indicate his inability to care for himself or that there was a crowded condition of the streets. *Harris v. Lincoln Traction Co.*, 78 Neb. 681; *Garvick v. United R. & E. Co.*, 101 Md. 239; *McEntee v. Metropolitan Street R. Co.*, 97 N. Y. Supp. 476.

Notwithstanding plaintiff says in his pleading that the car was running at "a very great rate of speed," that it was "running swiftly," and that the motorman "wrongfully and negligently failed to have said car under his control," it is apparent from other allegations that defendant was not negligent in these respects. On this feature of the case the only reasonable inference to be drawn from all the facts stated in the petition is that the motorman was not negligent before the danger was apparent in failing to stop the car. The petition shows the car only ran the length of itself after it struck plaintiff. It is manifest therefore that it was stopped promptly with the rear end at the cross-walk, the proper and usual place for plaintiff and other passengers to board. It follows that the allegations do not show negligence on part of defendant in losing control of the car, in running it at a high rate of speed, or in failing to stop it after plaintiff's peril was discovered. *Harris v. Lincoln Traction Co.*, 78 Neb. 681; *Lindgren v. Omaha Street R. Co.*, 73 Neb. 628. In the latter case this court, by OLDHAM, C., said: "There is no testimony in the record admitted by the court as to the rate of speed at which the car was moving at the time of the impact. The only thing in the record from which a deduction might be made on this question is found in the evidence of witness Downs, who testified that the car ran about 20 or 30 feet after the impact before it was stopped. This standing alone we do not think sufficient to show a reckless rate of speed."

There is no error in the holding that plaintiff's petition

**failed** to state a cause of action, and the judgment of the **district** court is

AFFIRMED.