ROBERT A. STEWART, APPELLEE, V. OMAHA & COUNCIL· BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED JANUARY 9, 1911.  No. 16,748.

1. Street Railways: RIGHTS OF TRAVELERS. A street railway company and an ordinary traveler have equal rights of travel on the streets of a city, but each must observe due care to avoid accidents, taking into account the fact that the street car is confined to the track, while pedestrians have freedom of movement.

2. ———: CARE REQUIRED AT CROSSINGS. The employees in charge of the operation of a street car are held to great caution when crossing a street intersection at a point where a car upon the opposite track is, or has been, very recently discharging passengers. The motorman should keep a sharp lookout, give ample and timely warning of the approach of the car, and have it under such control that it can be readily stopped if necessary.

3. ———: INJURIES: QUESTIONS FOR JURY. Questions as to whether a bell was sounded, or as to whether the rate of speed of the car was excessive, where the evidence is conflicting, should be submitted to the jury.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. Affirmed.

John L. Webster and W. J. Connell, for appellant.

H. C. Brome and Clinton Brome, contra.

LETTON, J.

A statement of the evidence given at a former trial of this case may be found in the opinion in Stewart v. Omaha & C. B. Street R. Co., 83 Neb. 97. At the second trial the result was a verdict for the plaintiff, from which defendant has appealed. At this trial much of the testimony taken at the former trial was read and some other testimony adduced. The evidence on behalf of the plaintiff as to the distance he was carried and the place where the north-bound car stopped is practically the same as

17

at the former trial. His testimony now is that the car from which he alighted was from 10 to 20 feet away when he looked to the south, while at the former trial he said he thought it was about 10 feet. As to this he was not positive, however. A plat is in evidence which shows that, if he had looked to the south from the point where he alighted at a time when the south bound car was 10 feet away, he would have had an unobstructed view of the other track for a long distance, except so far as his view was cut off by the south-bound car.

The plaintiff's testimony is that in his opinion the car that struck him was moving at the rate of about 20 miles an hour. The motorman and other employees of the defendant testify that the north-bound car was moving at the rate of about eight miles an hour when the plaintiff was struck, and that he was struck when he was about the middle of the intersection. On the former appeal we held that there was sufficient evidence that the car was being operated at a dangerous rate of speed, and of negligence in failing to give sufficient warning of its approach, to require the submission of those questions to a jury, and we further held that the evidence of contributory negligence was not clear enough to justify the court in directing a verdict for the defendant on that account.

1. The defendant claims that new and additional evidence was produced at the trial destructive of any inference that the plaintiff had used reasonable prudence in stepping in front of the approaching car in the manner he did, and also that the evidence fails to show any negligence on its part. A large number of cases have been collected through the industry of counsel which hold in substance that, under facts somewhat similar to those in this case, plaintiff will be held as a matter of law to be guilty of such negligence as will preclude a recovery. Whatever the rule in some states may be with respect to the rights of pedestrians and street cars upon the streets of a city, the law in this state is settled that neither the street car nor the pedestrian has any priority or privi-

leged right over the other; that an electric street railway company and an ordinary traveler upon the street are required to observe an equal degree of care to prevent accidents, and that neither has a right of way superior to that of the other. *Omaha Street R. Co. v. Cameron,* 43 Neb. 297; *Mathiesen v. Omaha Street R. Co.,* 3 Neb. (Unof.) 747; *Omaha Street R. Co. v. Mathiesen,* 73 Neb. 820; *Olney v. Omaha & C. B. Street R. Co.,* 78 Neb. 767.

We agree with counsel for defendant that under ordinary circumstances one who negligently attempts to cross a street railway track in front of an approaching car cannot recover for injuries caused by a collision therewith, unless those in charge wilfully or wantonly produce the collision, or fail to exercise ordinary care to prevent the accident after knowledge of the probable danger. *Harris v. Lincoln Traction Co.,* 78 Neb. 681; *Wood v. Omaha & C. B. Street R. Co.,* 84 Neb. 282. But the crucial question is whether or not the person injured negligently attempted to cross. We find no evidence in the record which leads us to change the conclusion we arrived at on the former appeal, that under the circumstances of this case the question of whether the plaintiff was negligent or not was a matter for the jury to determine. We think that the employees in charge of a street car should be held to great caution when crossing a street intersection at a point where a car upon the opposite track is, or very recently has been, discharging passengers, that the motorman should keep a sharp lookout, give ample and timely warning of the approach of the car, and have it under such control that he can promptly stop it upon the appearance of danger. This seems to be the more humane and modern doctrine. We see no reason to adopt one which will in any degree relax the care and caution of employees engaged in the operation of such dangerous instrumentalities as electrically operated street railways within the busy streets of a city.

The supreme court of Minnesota recently had before it for consideration the question of the relative degree

of care required of pedestrians and the motorman in charge of a street car approaching a crossing where a street car upon a parallel track is discharging passengers. The opinion collects the authorities and reaches the same conclusion as that arrived at by this court. *Bremer v. St. Paul City R. Co.*, 107 Minn. 326. Other authorities are collected in the note to it in 21 L. R. A. n. s. 887. This is the rule adopted in states containing cities of the magnitude of New York, Chicago, Washington, Cincinnati, Cleveland, St. Paul, and Minneapolis. *Pelletreau v. Metropolitan Street R. Co.*, 74 App. Div. (N. Y.) 192, 77 N. Y. Supp. 386, affirmed in 174 N. Y. 503; *Dobert v. Troy City R. Co.*, 91 Hun (N. Y.) 28, 36 N. Y. Supp. 105; *Chicago City R. Co. v. Robinson*, 127 Ill. 9, 4 L. R. A. 126; *Capital Traction Co. v. Lusby*, 12 App. D. C. 295; *Cincinnati Street R. Co. v. Snell*, 54 Ohio St. 197, 32 L. R. A. 276. A case which perhaps goes to the limit in holding street car companies liable under such circumstances is *Louisville City R. Co. v. Hudgins*, 124 Ky. 79, 98 S. W. 275, 7 L. R. A. n. s. 152. We merely cite this case as showing the modern tendency, and not as indicating that this court would take the same view under like circumstances.

2. As to the claim that there is no proof of negligence. No one except the conductor and motorman seems to have heard the gong or bell until just an instant before the plaintiff was struck. Several witnesses were standing upon the street corner, and none of them heard it. If the bell had been ringing loudly when the plaintiff was within a few feet of the track, it is probable that he would have noticed it, although the fact that he did not hear it is not conclusive that it was not rung. People often absentmindedly disregard the most obvious warnings. The testimony being conflicting, it was for the jury to consider.

3. The motorman testified the car was moving at the rate of eight miles an hour. The district court instructed the jury that eight miles an hour might be a negligent rate of speed under some circumstances. This is strongly urged as erroneous, but we see nothing wrong in it. If a street

car approached behind another car at the rate of eight miles an hour without signals of its approach, and at a point where persons alighting from another car might reasonably be expected to appear, this might be a negligent rate of speed, while, ordinarily, eight miles an hour is not a negligent rate. The question as to whether the rate of speed was negligent under the circumstances was properly left to the jury, and we think the evidence sustains the verdict.

4. Defendant complains that the court erred in permitting the plaintiff to give his opinion as to the rate of speed of the car that struck him. He was asked whether he could approximately state the speed, to which he replied affirmatively. He was then asked what his judgment was as to the speed of the car at the time it struck him. Counsel for defendant objected that no proper foundation had been laid for such testimony, and was allowed to conduct a lengthy cross-examination for the purpose of eliciting the facts upon which the witness based his estimate. It is apparent from this cross-examination that his opinion was based upon his observations during the short interval from the time he saw the car until he was struck, from a view of the buildings and surrounding objects with respect to the moving car, and from the force with which it struck him. He testified he thought the car was moving at the rate of 20 miles an hour, but it might be more and it might be less. This is very indefinite. We are inclined to think that, his opportunities for observation being so limited, his opinion was of little or no value, but, since all these facts were before the jury, we think defendant suffered no prejudice by allowing them to determine for themselves what weight they would give to his opinion. Counsel himself argues that from his cross-examination it clearly appeared that the plaintiff was utterly unable to judge speed. Probably the jury took this view and believed the testimony of the defendant on this point.

5. It is also urged that it was error to instruct the jury

that the burden of proof was upon the defendant to show the fact of contributory negligence on the part of plaintiff. This, however, is settled law in this state. *Rapp v. Sarpy County,* 71 Neb. 382, 385. We think counsel misapprehends the instruction given. He argues that if the plaintiff was guilty of negligence directly contributing to his own injuries, and this appeared from his own testimony, he could not recover. But the instruction expressly took care that the jury were not misled by saying: "If you find from a preponderance of the *testimony offered by both parties* that the plaintiff was guilty of negligence in attempting to cross the track in the manner and under all the facts and circumstances in evidence before you, and that his negligence directly contributed in any degree to the cause of his injury, then the plaintiff cannot recover, and you should find for the defendant." The facts in this case with respect to contributory negligence lie very close to the line, but the whole matter was for the jury. We find no error, and the judgment of the district court is

AFFIRMED.

REESE, C. J., not sitting.