La Fayette Pierce, appellee, v. Lincoln Traction Company, appellant.

Filed January 16, 1913.   No. 16,883.

1. **Street Railways: Vehicles: Rights at Street Intersections.** At a street intersection, neither the operator of a street car nor the occupant of a private conveyance has a superior right to cross, but each must exercise his right and perform his duty with due regard to the safety and convenience of the other, and both must act in a reasonable and careful manner.

2. ———: **Negligence: Evidence.** Proof of the running of a street car at an excessive speed across a public street, or of the failure to give proper warning of its approach, is evidence tending to show negligence.

3. ———: ———: ———. In a suit against a street car company for negligently running a street car into a buggy at a public crossing, proof that the car ran more than 150 feet after the collision before it could be stopped, though the brake had been firmly applied, is evidence tending to show excessive speed.

4. **Witnesses: Competency.** "A witness who sees a moving car, and possesses a knowledge of time and distance, is competent to express an opinion as to the rate of speed at which the car was moving." *Omaha Street R. Co. v. Larson*, 70 Neb. 591.

Appeal from the district court for Lancaster county: Albert J. Cornish, Judge. *Affirmed.*

*Clark & Allen,* for appellant.

*Flansburg & Williams, contra.*

Rose, J.

While plaintiff was driving east in the city of Lincoln across Twenty-seventh street where it is intersected by Q street, the buggy in which he was riding was struck by a north-bound street car on defendant's track, and he was seriously injured. This is an action to recover resulting

damages in the sum of $10,000. The negligence imputed to defendant consisted in its running the car at an excessive rate of speed, and in failing to ring a bell or sound a gong or otherwise give notice that the car was approaching the crossing. The answer of defendant contained a denial of the negligence charged, and a plea of contributory negligence on part of plaintiff. From a judgment on a verdict in favor of plaintiff for $1,625, defendant appealed.

The sufficiency of the evidence to raise a question for the jury or to sustain the verdict is assailed in different forms and is the principal question argued. Is plaintiff defeated as a matter of law? Defendant has two street car tracks running north and south on Twenty-seventh street, where the accident occurred. On the west track the cars run south and on the east track they run north. About the time plaintiff, while going east on Q street, entered the intersection at Twenty-seventh street, a south-bound car on the west track passed in front of him. He did not stop at the crossing, but pursued his course eastward, and a street car running north down a slight grade on the east track struck the rear axle of his buggy. After discussing the evidence at considerable length, counsel for defendant said: "When the plaintiff drove into the intersection, the car going north must have been in sight. If he had looked, he could, and would, have seen it, and he cannot excuse himself by saying that he looked and it was not there, when the very physical situation itself shows beyond dispute that it was there." The deduction of defendant seems to be that, if plaintiff looked, as he said he did, he saw the car; or, if he did not look, he failed to exercise ordinary care; and, in any event, he drove in front of the approaching car and the injury was the result of his own negligence. Is the position thus taken by defendant tenable? In determining whether plaintiff made a case for the consideration of the jury, or whether the evidence is sufficient to sustain the verdict, the relative rights and duties of the parties, in using

a public street at a crossing, must be considered. Plaintiff was familiar with the location and with the ordinary and usual movement of electric street cars at Twenty-seventh and Q streets. There is a public crossing there, where passengers get on and off street cars. At a street intersection, neither the operator of a street car nor the occupant of a private conveyance has a superior right to cross. They cannot occupy the same space at the same time, and one must exercise his right and perform his duty with due regard to the safety and convenience of the other. Both must act in a reasonable and careful manner. *Stewart v. Omaha & C. B. Street R. Co.*, 88 Neb. 209; *Olney v. Omaha & C. B. Street R. Co.*, 78 Neb. 767; *Omaha Street R. Co. v. Cameron*, 43 Neb. 297.

Plaintiff testified that, when he was within 12 or 15 feet of the west track, a car from the north passed in front of him; that his horse was jogging along at the rate of 5 or 6 miles an hour and did not stop; that, when a little nearer the west track, he looked north and saw no car, and immediately looked south and saw nothing but the retreating car 6 or 7 rods away, where it obstructed his view; that, when approaching the tracks, he looked both ways and listened; that, when his horse's feet were over the first rail, he espied a car coming from the south and thought it was about 7 rods away; that it was running at the rate of 30 or 35 miles an hour; that, when he first saw the north-bound car, he thought he could cross the track ahead of it, and that he urged his horse with a whip. Further narration of plaintiff's testimony in considering the sufficiency of the evidence is unnecessary. The motorman testified on behalf of defendant that he passed the south-bound car near the alley between Q and P streets, while sounding the gong; that he was running 12 or 15 miles an hour; that he did not see plaintiff until within a car's length of him; that he immediately applied the brake, but could not prevent the collision. Plaintiff and the motorman were the only eye-witnesses, but others heard the report of the impact. One witness testified

that he heard a sharp crash, followed by the sound of the pounding and bouncing of wheels on the track, as if the brakes had been quickly and firmly set, and that after the collision the car ran more than 150 feet past the intersection before it stopped.

Plaintiff's evidence tends to prove that in the night-time the car, without sound of bell or gong, running down grade at the rate of 30 or 35 miles an hour, approached the intersection at a public crossing, where the rights and duties of pedestrians and occupants of private vehicles are the same as those of defendant; and the proofs of defendant tend to show that the car approached the crossing at the rate of 12 or 15 miles an hour, and that the motorman in charge made no effort to slacken its speed until it was within a car's length of plaintiff. At a street crossing, the running of a street car at an excessive speed, or without giving proper warning of its approach, is evidence tending to show negligence. *Stewart v. Omaha & C. B. Street R. Co.*, 83 Neb. 97. Proof of the distance the car ran, with the brake firmly set, after the collision, was evidence tending to show excessive speed. *Indianapolis Street R. Co. v. Bordenchecker*, 33 Ind. App. 138.

Plaintiff's explanation why he did not see the north-bound car sooner, as deducible from his testimony, is that it was obscured by the south-bound car when he first looked south. At that time, according to his proofs, it was about seven rods away. Whether his testimony was worthy of belief and whether he was justified in attempting to cross the track when there was no car within that distance were questions of fact for the jury. He said he thought, when he first saw the car, that he could cross the track ahead of it by urging his horse. He used his whip promptly and made the attempt. That he was almost across when his buggy was struck is not disputed. Had the car been running a little slower, the evidence indicates he would have crossed in safety. Under the proofs outlined, the issues were for the jury. *Omaha*

Street R. Co. v. Mathiesen, 73 Neb. 820; Stewart v. Omaha & C. B. Street R. Co., 83 Neb. 97, 88 Neb. 209.

Defendant also argued that the trial court erred in permitting plaintiff to testify to the speed of the car. It is insisted that the car was coming directly toward him, and that he had no opportunity or time for comparison with other objects and could make no reasonable estimate of speed. This is not a necessary conclusion. When he first saw the car he was not, according to his own testimony, directly in front of it. He said he saw the headlight and the moving car itself, when it was within about seven rods of him, and that he was not excited. He testified, without objection, that he knew the car was running rapidly, and he had already stated that he was familiar with the location and with the ordinary movement of cars at the place of the accident. He further said he had been a locomotive fireman, was accustomed to observing the speed of cars, and could tell from his experience and observation about how fast this particular car was approaching. When asked for the rate of speed, he answered: "Thirty or 35 miles an hour." His testimony seems to be admissible under the following rule: "A witness who sees a moving car, and possesses a knowledge of time and distance, is competent to express an opinion as to the rate of speed at which the car was moving." Omaha Street R. Co. v. Larson, 70 Neb. 591; Stewart v. Omaha & C. B. Street R. Co., 88 Neb. 209. The weight of plaintiff's testimony, under all the circumstances proved, was for the jury. He did not assume to be technically exact about distances, or about the speed of the car, or about the rate at which he was himself traveling, and said so on the witness stand. An effort to discredit his story by mathematical demonstration based on his estimates, which were intended to be approximately correct only, is inconclusive.

A number of rulings in giving and in refusing instructions are criticised, but in these respects no error requiring a reversal has been found.

                                    AFFIRMED.

54

SEDGWICK, J., dissenting.

The opinion does not discuss or state the errors assigned upon the instructions of the court. It says: "In these respects no error requiring a reversal has been found." The brief says that a part of the tenth instruction given by the court was: "Where one knowingly assumes or takes a place of danger, he thereby assumes all the risk of danger incident thereto. The question is whether, when the plaintiff attempted to cross the track, he knew he was in danger in attempting to do so, and negligently and recklessly went ahead in the attempt." This seems to be a very important instruction in this case. If he took no pains whatever to learn whether he was in danger or not, and drove, without looking, on the track in front of the car, he would not know he was in danger, and he would not be negligent under this instruction. It seems to me that the error here complained of is worthy of consideration.

HAMER, J., dissenting.

The tenth instruction is complained of. It reads: "Where one knowingly assumes or takes a place of danger, he thereby assumes all the risk of danger incident thereto. The question is whether, when the plaintiff attempted to cross the track, he knew he was in danger in attempting to do so, and negligently and recklessly went ahead in his attempt. A driver on the streets has the right to assume cars on the street railway tracks are moving at their usual and ordinary rate of speed, and that those in charge of the car are exercising reasonable care to avoid collisions." I am under the impression that this instruction should have been further elaborated so that it would contain an expression of the idea "that, if he did negligently and recklessly go ahead, he should not be allowed to recover." The instruction as given loses sight of the idea suggested, and excuses the plaintiff for bringing about his own injuries by reason of crossing the track

when danger was apparent. Some such language as I have suggested should have been between the third and fourth sentences in the instruction given. In any event, the instruction as given is defective and calculated to mislead the jury.