VICTOR G. LINDGREN V. OMAHA STREET RAILWAY COM-
PANY.

FILED APRIL 19, 1905. NO. 13,666.

1. **Evidence** examined, and *held* to show no actionable negligence on
   the part of defendant.
2. **Case Distinguished.** *Omaha Street R. Co. v. Larson,* 70 Neb. 591,
   examined, approved and distinguished.

3. **Harmless Error.** Action of the trial court in excluding evidence examined, and *held* not reversible error.

ERROR to the district court for Douglas county: WIL-LIAM A. REDICK, JUDGE. *Affirmed.*

*Brome & Burnett* and *A. G. Ellick,* for plaintiff in error.

*John L. Webster* and *W. J. Connell, contra.*

OLDHAM, C.

This was a suit for injuries to person and property alleged to have been occasioned by the impact of a street car operated by the Omaha Street Railway Company with plaintiff's buggy on the 28th day of April, 1902. The facts underlying the controversy are that, on the evening of the 28th day of April, 1902, the plaintiff was driving in a top buggy drawn by a single horse on his way home from his place of business; that he drove from the west onto 24th street, which is a street running north and south through the city of Omaha; on this street are two lines of street railway track, owned and operated by the defendant company. The east line of this track is used by cars going north, and the west line of the track by the cars going south. When plaintiff drove on 24th street he crossed both lines of the street railway track and looked for cars, as he testifies, but saw none approaching; he then drove along this street parallel to the east line of the railway track for about two blocks, when he came to two or three teams that were hitched or standing between the east line of the track and the curb of the street; when he reached these teams he turned down onto the east line of the street railway track, and as he did so he looked for a car, but saw none. He drove for about 200 or 300 feet along the line of the street railway track when, he says, he looked back and saw a car approaching from the south within about 10 feet of him. He then turned his horse from the track, and in stepping off the track the horse slipped and fell, and the

car almost instantaneously with the fall of the horse
struck the buggy in which plaintiff was driving, and in-
flicted a severe injury upon him, and also broke and in-
jured the buggy. Plaintiff did not observe the rate of
speed of the car, and was knocked senseless by the impact,
and could not tell anything as to how far the car ran after
the accident. Another witness for plaintiff, named Jacobs,
was standing by his team near to the point of the collision.
He testifies, in substance, that he saw the car approaching;
and when about 20 feet from plaintiff saw plaintiff turn
his horse off the street railway track, saw the horse fall
and stumble off the track, and saw the car strike the
buggy in which plaintiff was riding, and then he went im-
mediately to plaintiff's assistance. He was uncertain as to
how far the car ran after the collision, and did not re-
member to have heard the bell rung or the gong sounded
when the car approached plaintiff's buggy. There was an
effort to prove by this witness the speed of the car, but
this evidence was excluded, and error predicated on this
ruling of the court will be subsequently discussed. An-
other witness, named Downs, who stood in front of his
barber shop near to the point of the injury, testified that
he saw plaintiff driving on the track of the defendant rail-
way company, and saw the car when it approached to
about 20 feet of plaintiff's buggy, saw plaintiff turn his
horse from the track, and saw the horse slip and fall, and
the car, in about a minute afterward or in a very short
time, strike the buggy, and saw plaintiff thrown from the
buggy by the impact of the car. He testifies that the car
ran about 20 or 30 feet after the impact before it was
stopped. This was all the evidence that was offered by
plaintiff on the cause of the injury, other testimony being
medical evidence as to the extent and nature of the injury
sustained. At the close of plaintiff's testimony the court
directed a verdict for the defendant, and plaintiff brings
error to this court, alleging error in the action of the trial
court in directing a verdict and in excluding the testimony
of witness Jacobs as to the speed of the car at the time of

the injury.    We will consider these assignments in the order in which they are presented in plaintiff's brief.

1. Does the evidence introduced by plaintiff show any actionable negligence on the part of the defendant directly causing or contributing to the injury complained of?  The negligence alleged in the petition is, in short, that defendant was running its car at an unreasonable rate of speed; that it neglected to sound an alarm by bell or gong when · approaching plaintiff's buggy, and that it neglected to use due diligence, care and caution to avoid the injury after discovering plaintiff's perilous position. In the first place, there is no testimony in the record that defendant failed to give a warning by gong or bell when approaching plaintiff's buggy, the witnesses merely saying that they did not remember of hearing any signal, but no one said that he would have heard a signal had one been given.    There is no testimony in the record admitted by the court as to the rate of speed at which the car was moving at the time of the impact.    The only thing in the record from which a deduction might be made on this question is found in the evidence of witness Downs, who testified that the car ran about 20 or 30 feet after the impact before it was stopped.    This standing alone we do not think sufficient to show a reckless rate of speed. Plaintiff contends that under the undisputed testimony the case falls within the rule recently announced by this court in *Omaha Street R. Co. v. Larson,* 70 Neb. 591.  This rule is based on what is commonly called the "doctrine of the last chance," and stands on the principle that, even if plaintiff had been negligent in going on the track of the defendant, yet that if after defendant discovers plaintiff's perilous position it carelessly and recklessly neglects to use ordinary diligence to avoid a collision, its negligence in this particular supersedes the alleged contributory negligence of the plaintiff and becomes the direct cause of the injury inflicted.  In *Omaha Street R. Co. v. Larson, supra,* the testimony tended to show that, after the motor car causing the injury had come in contact with plaintiff's

horse and buggy and had lifted the horse on to the fender of the car, it carried the horse and dragged the buggy behind him about 130 feet before overturning the buggy and causing the injury complained of. Evidence was introduced tending to show that by ordinary care and skill the car could have been stopped within a space of about 40 feet. We held this testimony presented a proper question for the determination of the jury as to whether defendant had used due diligence in stopping the car after its impact with plaintiff's horse. We think the doctrine here announced sound in principle, but are unable to see how the evidence in the instant case placed it within this rule. There is no testimony tending to show that, after plaintiff's horse slipped and fell, defendant by the exercise of even the highest diligence could have stopped the car in time to avert the impact. In fact, it seems to us, after a careful examination of the evidence contained in the record, that what is shown is simply a pure accident for which no one is legally to blame. Plaintiff was not guilty of contributory negligence in driving on defendant's track when he saw no near approaching car. He went where he had a right to go, and occupied a street set apart for vehicles as well as for street railway cars, and drove in a careful manner thereon. When he discovered a car approaching from the south he attempted to do what he should have done, that is, he turned his horse off the street railway track to give the right of way on this track to the car. In attempting to do this an unforeseen accident happened. The horse slipped and fell; this, plaintiff could not have foreseen, nor could the motorman or conductor of defendant's car have reasonably anticipated. In our judgment this accident to the horse was the direct and logical cause of the injury, for, as before stated, there is no testimony even remotely tending to show that defendant, after the discovery of the perilous position of plaintiff caused by the fall of his horse, could have stopped the car in time to avoid the injury, and unless the evidence had tended to show this the "doctrine of the last chance"

has no application to the facts concerning the injury in the case at bar. We therefore conclude that under the evidence admitted. the trial court was fully justified in directing a verdict for the defendant.

2. The second allegation of error is based on the rule of the trial court in excluding the testimony of witness Jacobs as tending to show the rate of speed of the car at the place of the injury. The testimony offered was as follows:

Q. Now, at the time you first saw the car, did you observe the movement sufficiently so that you could see whether it was moving slowly or fast?

A. Yes, sir.

Q. Now, you may state what the movement of the car was?

Objected to. Sustained. Offer to prove. Mr. Brome: The plaintiff offers to prove by the witness on the stand that the car, at the time the witness first saw it, was moving rapidly and at a high rate of speed. Offer denied. Plaintiff excepts.

It is true, as contended by counsel for plaintiff in error, that this court has held that a nonexpert who has observed the motion of a car is qualified to testify as to his opinion of the speed at which the car was moving at the time of the observation, and had plaintiff in the case at bar asked the witness as to the number of miles an hour at which, in his judgment, the car was moving, we think the evidence would have been competent and should have been admitted, and that its exclusion might have constituted reversible error in the case. But this is not what was asked the witness. He was simply asked to state whether the car was running slowly or fast. The offer was then made to prove by the witness that the car at the time the witness first saw it was moving rapidly and at a high rate of speed, but there was no offer to prove the number of miles an hour, so that the jury could have determined what was meant by the car running slowly or fast; and the offer we think was objectionable for its indefiniteness and un-

certainty. If the witness, in his opinion, had been asked to state whether the car was running 5, 10 or 15 miles an hour, the answer would have given the jury a standard to compare its rate of speed with the rate prescribed by the ordinance for the running of cars at the place of the injury. But, because of the indefiniteness and uncertainty of the offer, we think the court committed no prejudicial error in sustaining the objections to the question and denying plaintiff's offer. Finding no reversible error in the record, we recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.