GLADYS EVELYN MORAN, APPELLEE, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED JUNE 12, 1922. No. 22024.

1. Street Railways: PLACE OF ACCIDENT: QUESTION FOR JURY. Where there is testimony of persons claiming to be eye-witnesses of an

Moran v. Omaha & C. B. Street R. Co.

accident, who testify that the accident happened at a certain point in a city street, and it is claimed that the undisputed physical facts established that the accident happened 100 feet or more distant from the place testified to by these eye-witnesses, such physical facts being marks on the pavement of the street as if made by the dragging of the body of a person struck by a street car in such accident, such physical fact is not sufficient to take from the jury the determination of the point at which the body was struck, there being no testimony that the pavement was in such condition that it would be marked by the dragging of a body thereon from the point where the eye-witnesses testify that the dragging of the body commenced.

2. ———: ACCIDENT: GIVING OF SIGNALS: QUESTION FOR JURY. Where the circumstances testified to by a witness, who says she did not hear a signal sounded, are such, in connection with other evidence in the case, as to show that the witness in all reasonable probability would have heard the signal had it been given, and the witness recollects that she did not hear the signal and so testifies, the sounding of the signal is thereby made a question for the jury, notwithstanding there is positive and direct affirmative evidence that the signal was sounded.

APPEAL from the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Affirmed.*

*John L. Webster,* for appellant.

*John O. Yeiser* and *Carl T. Self, contra.*

Heard before LETTON, DEAN and DAY, JJ., CLEMENTS (E. J.) and WELCH, District Judges.

WELCH, District Judge.

Plaintiff, a child five years of age, brought this action, by her father as next friend, to recover damages for personal injuries received by her by reason of being struck by a street car of defendant on September 11, 1919.

Plaintiff alleges that defendant was negligent in the operation of said street car, as it was proceeding south on Thirty-second avenue in the city of Omaha; that, as it approached Frederick street, plaintiff and two other children of the same age were crossing said Thirty-second avenue at about its intersection with Frederick street, and were

in a position where they could be seen by the motorman operating said street car for a distance of more than 200 feet; that said motorman carelessly and negligently, without giving a timely warning, continued the course of said car without slackening the speed and without considering the apparent danger of said children on account of their age and situation, and carelessly and negligently neglected to bring said car under control and stop said car, he having sufficient warning, time and opportunity so to do; that because of said situation the plaintiff became dazed and excited and unable to get out of the path of said street car, which ran into plaintiff, catching her upon the fender of said car, dragging her about 100 feet, breaking several bones of her body, and injuring her skull and face. The jury returned a verdict for plaintiff for $8,500. From judgment rendered thereon, defendant appealed.

The accident happened near 1 o'clock p. m. as the child was on her way to school. Witnesses for plaintiff who saw the accident testified that plaintiff with two other children passed them on the east side of Thirty-second avenue just south of Frederick street, going north. These witnesses were waiting there for a north-bound street car. They testified that the children crossed Frederick street to the north side thereof, then stepped off the curb on the east side of Thirty-second avenue and proceeded on a slow run in a northwesterly direction across Thirty-second avenue without stopping as they approached the street car track, the plaintiff being slightly ahead of the other two children; that, on reaching the south-bound track of defendant, plaintiff was struck by the left corner of the fender of defendant's street car, thrown upon the cushion of the fender, carried a short distance, then fell to the ground between the rails of the south-bound track and was dragged to a point south of the south line of Frederick street; that just as plaintiff was struck one of the other children pulled the other child back and they escaped injury. There were no vehicles or objects in the street which would obstruct the

view of the motorman operating said car or prevent him from seeing said children as they proceeded from the east side of Thirty-second avenue across the same.

The motorman operating said car testified that when he was at a point north of Frederick street about opposite the north side of a building on the west side of Thirty-second avenue, which the evidence shows to extend from Frederick street north about 85 feet, he saw the children standing on the east side of Thirty-second avenue south of Frederick street near the car-stop sign, as if waiting to take a street car; that the children then proceeded northwesterly across Thirty-second avenue on a slow run; that he sounded his gong; that the children stopped on the north-bound track, and just as he was about to pass them they started forward, and he immediately sounded his gong, put on the brakes of the car, and that he struck the plaintiff south of Frederick street, not north of it. The aforesaid witnesses on the part of the plaintiff were standing at said car-stop sign, and their testimony contradicts this testimony of the motorman as to the children standing near the car-stop sign, contradicts it as to the children stopping when they reached the north-bound track, and contradicts it as to the plaintiff being struck by the street car when she was on the south side of Frederick street.

It is undisputed that the car stopped at a point 40 to 65 feet south of the south line of Frederick street, and that plaintiff was then lying under the car caught in such a manner that it was necessary to raise the car to get her out. If plaintiff was struck north of Frederick street the car would have to run at least 100 feet before it stopped. One witness for plaintiff testified that it was 140 feet from the place where she was struck to where the car stopped. Evidence introduced by the defendant showed that there were indications of dragging the body of plaintiff on the pavement for 20 feet only before the car stopped. Whether or not plaintiff was struck north of Frederick street or south of it is material in determining the distance the car

ran after hitting plaintiff. This distance is material to aid in determining the speed at which the car was running, and whether or not the motorman negligently neglected to bring the car under control and stop it.

The questions whether the plaintiff was struck north of Frederick street or south of it, whether the plaintiff and the other children were standing south of that street as if waiting for a street car, and whether they stopped in the street as they reached the north-bound track, were, under the foregoing evidence, questions for the jury. The court instructed the jury by its instruction No. 7 as follows:

"If you believe from the evidence that the plaintiff and the two other children were standing on the north-bound track and out of danger, and were apparently watching the approaching car, then and in that event the motorman in charge of the car had a right to assume that the plain-tiff would not suddenly start toward the track and go up-on the track, unless you find there was something in the actions or movements of the plaintiff to reasonably indi-cate to the motorman the contrary."

The aforesaid testimony of witnesses for plaintiff was evidence of acts and movements of plaintiff which tended to show that she was not standing on the north-bound track apparently watching the approaching car, and also evidence of actions and movements which might reasonably indicate to the motorman that plaintiff might attempt to cross the track in front of his car. There is evidence that the car was going about ten miles an hour. The motorman says that he observed the children approaching the track. If the above mentioned testimony of witnesses for plain-tiff is true, he should have observed them approaching, and, if they were apparently unmindful of danger, govern himself accordingly and act with reasonable promptness to avoid injury to the children. It was his duty to look out for children in dangerous proximity to the track and to use ordinary care to avoid injuring them, and stop the car, if possible, upon its appearing necessary to avoid strik-

ing a child approaching apparently oblivious to the presence of the car. Whether the plaintiff saw the approaching car or was oblivious to it and the danger was a question for the jury.

By the verdict of the jury it is apparent that the jury found that the children were running diagonally across the street and did not stop on the north-bound track and watch the approaching street car. It was for the jury to determine whether under such condition and movements of the children the motorman should have observed that there was danger of the children attempting to cross his track ahead of his car, and that there was danger in so doing. If he should have observed such danger of the children in time, he should have had his car under such control that he could stop it in time to avoid the accident. Whether the car traveled, after hitting plaintiff, only 20 or 30 feet south of Frederick street, as claimed by the defendant, or traveled from the north side of Frederick street and for a distance of from 100 to 140 feet after hitting plaintiff, was a question for the jury. The verdict being for plaintiff, the jury must have found that the car was not under control, and that it traveled after hitting plaintiff more than 30 feet. In fact, the jury must have found that plaintiff was struck north of Frederick street. Defendant contends that such finding would be contrary to the undisputed physical facts, such physical facts being the marks on the pavement of the dragging of the body of plaintiff for twenty feet, such marks being in the sand lying on the pavement. We do not understand that such physical facts conclusively establish that plaintiff was struck south of Frederick street, nor that she was struck at a point more than ten feet from where the marks commenced. The testimony of the eye-witnesses on the part of the plaintiff is that she was struck north of Frederick street, and carried or thrown a short distance after being struck before she fell to the pavement. After she fell to the pavement she may have been rolled along before she

was caught in such a manner as to drag her body and mark the pavement so as to show such dragging. She may have been dragged along where there was no sand on the pavement. There was, therefore, sufficient evidence to sustain the finding of the jury that plaintiff was struck north of Frederick street, that the car after striking her ran for 100 feet or more before stopping, that the car was not under control when it struck plaintiff, or, if under control, that the motorman had not observed the plaintiff, or, if he did observe her, that he did not attempt to stop the car as soon as he should to avoid injuring plaintiff, or that he was negligent in not observing the apparent danger of plaintiff in time to have stopped the car.

Appellant's assignment of error that the court erred in refusing to give instruction No. 2, requested by defendant, which instruction told the jury that there was no evidence of excessive speed of the street car, is covered by the foregoing conclusion that the jury could consider the distance the car traveled after striking plaintiff in determining the speed of the car and determining whether or not such speed was excessive under the circumstances and conditions as the car approached said children. The foregoing conclusions also cover the assignment of error by appellant that the court erred in refusing to give defendant's requested instruction No. 3. By this instruction appellant requested that the jury be instructed that the last clear chance doctrine was not in the case. Appellant bases its claim for this requested instruction upon its assumption that the undisputed physical facts showed that the car which struck plaintiff did not run more than 30 feet after hitting her.

Appellant also contends that the court erred in refusing to give instruction No. 9, requested by defendant. By this instruction defendant requested that the jury be instructed that plaintiff had not alleged negligence in not dropping the fender. The general allegation that defendant was negligent in the operation of said street car would include failure to drop the fender. If this general allegation was not sufficiently definite, defendant might by motion there-

for have required plaintiff to make it more definite by setting forth the manner in which defendant was negligent in the operation of its said car.    The court did instruct the jury by instruction No. 9 as follows:

"You are instructed that if a sudden emergency was presented to the motorman, by reason of the action of the plaintiff in running toward the car track, and if on that account he was suddenly confronted with the choice of ringing the gong or dropping the fender, and had no time before striking the plaintiff to do both, then and in that event he cannot be found negligent by reason of his choice in ringing the gong rather than attempting to drop the fender."

We find no error in the refusal of the court to give defendant's requested instruction No. 9.

Assignment of error No. 6 charges error of the court in refusing to give defendant's requested instruction No. 5, which was as follows:

"You are instructed that the evidence in this case is insufficient to authorize or sustain a finding that the gong on the car in question was not sounded at and prior to the time of the accident, and you therefore cannot consider this question of negligence, and you cannot find the defendant negligent in this regard."

Appellant's argument in support of this assignment of error is that there was positive evidence by the motorman that he did sound the gong, and the only evidence on the part of the plaintiff in respect thereto was that of one witness who testified that she did not hear the gong and another witness who said he could not remember whether or not he heard the gong.    Appellant contends that the rule of law is settled that affirmative direct evidence that the gong was sounded cannot be overcome by evidence of one or more witnesses that they did not hear or do not recollect that the gong was sounded.    The authorities cited by appellant in support thereof do not establish that as an arbitrary rule. The complete rule on this point which may be gathered from all the decisions of this court thereon is probably

stated by this court in *Dodds v. Omaha & C. B. Street R. Co.,* 104 Neb. 692, and *Oliver v. Union P. R. Co.,* 105 Neb. 243, as follows:

"When there is positive and substantial affirmative testimony by a number of witnesses that a gong was sounded, the fact that there is testimony by one or more witnesses that they did not hear the gong and that it did not ring does not authorize that question to be submitted to the jury, where it is shown that the attention of such witnesses was diverted at the time the gong is said to have rung, and when their position, mental condition, and surroundings were not such as would raise a presumption that they would have heard it if it had sounded. Before their negative testimony is entitled to weight, it must appear that they had such knowledge as would justify them in speaking affirmatively in denial of the fact."

This rule is to the effect that whether the failure of a witness to hear a signal can be considered as evidence that no signal was given depends upon whether or not the facts and circumstances in evidence tend to show that the witness would probably have heard the signal had one been given. If so, the failure of the witness to hear the signal may be considered as evidence tending to show that no signal was given, though there is positive affirmative evidence that it was given. These are questions for the jury to determine. The rule as stated in 1 Wigmore, Evidence, sec. 664, is:

It is altogether possible to negative the evidence of a fact, state or condition, by "testimony based on what may be called 'negative knowledge,' *i. e.,* testimony that a fact did not occur, founded on the witness' failure to hear or see a fact which he would supposedly have heard or seen had it occurred. * * * The only requirement is that the witness should have been so situated that in the ordinary course of events he would have heard or seen the event had it occurred."

The evidence in this case shows that the witness, Mrs. Pratt, who testifies that she did not hear the gong, was not

only in position to hear it, but in a mental condition by reason of having seen the children pass her, taking notice of them as they passed, seeing them cross Frederick street and going diagonally across Thirty-second avenue, seeing the car approaching, and seeing plaintiff struck, to have heard the gong had it been sounded. She also testifies that her attention was directed to the question of whether or not the gong was sounded soon after the accident and that she remembered she did not hear it.

Moreover, the question as to the giving of a warning, which was in issue, and by the instructions submitted to the jury, was not whether the gong was sounded or any warning given. It was alleged in the pleadings that "timely warning" was not given. The instructions to the jury submitted the question whether or not a timely warning was given. The motorman testified that he sounded the gong for Frederick street when he was at a point north of that street in front of the store building. It was at that point that witnesses for plaintiff testified the plaintiff was struck by defendant's car. It was for the jury to determine whether or not plaintiff was struck at that point. If the jury determined that she was struck at that point, then the sounding of the gong at that point testified to by the motorman may not have been timely. The motorman also testified that he sounded the gong south of Frederick street just before striking the plaintiff when she was standing still looking at the approaching car. In view of the finding of the jury for plaintiff, it is apparent that the jury found plaintiff to have been struck north of Frederick street, and that she did not stand still looking at the approaching car; but, if struck south of Frederick street, it would still be a question for the jury whether such sounding of the gong was a timely warning. To have given the said instruction No. 5, requested by the defendant, in the form requested, without any reference to the time of sounding the gong, would have been erroneous. The jury might reasonably infer therefrom that whether or not the sounding of the gong was timely was not for them to determine,

but that if the gong was sounded that was sufficient.

. We find no prejudicial error in the record, and the judg-
ment is, therefore,

AFFIRMED.