687

HAROLD T. ANDERSEN, APPELLEE, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED FEBRUARY 29, 1928. No. 25433.

*John L. Webster* and *R. B. Hasselquist,* for appellant.

*Rosewater, Mecham & Burton, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

GOSS, C. J.

This is an action for damages by reason of a collision between an automobile and a street car. From a verdict and judgment thereon against it, the defendant appeals.

The collision occurred at the intersection of Binney and North Twenty-fourth street in Omaha, at 6:30 or 7 o'clock on the evening of May 10, 1927. Plaintiff and Knud H. Nissen, with two young women, were on their way from Blair to attend the movies at Omaha. Nissen owned the Ford

touring car in which they were driving. Nissen was driving and one of the young women was in the front seat with him. Plaintiff and the other young woman were in the back seat. The car was in good condition and the side curtains were all on. None of the occupants of the car were familiar with the streets. They approached Twenty-fourth street from the west on Binney street, which has no street car tracks. Twenty-fourth street has double tracks and is the main north and south street car artery in the north part of the city. There are business houses on the northeast, northwest and southwest corners and a residence on the southeast corner of the intersection. There is evidence that a truck was standing near Binney street at the curb on the west side of Twenty-fourth street when the collision occurred. The south-bound street car struck the rear left side of the Ford car, which whirled around and went or was carried south until it struck the east curb of Twenty-fourth street, scraped along the curb for 20 feet or so and stopped, headed northwest, with the right rear wheel broken and against the curb, three or four feet north of an iron car-stop pole approximately 72 feet south of the south curb line of Binney street. A few feet south of the iron pole is a wooden pole. Plaintiff was thrown out of the car and to a point a few feet further south and his leg was broken. As a result of the injury he was in the hospital two months. Between curbs, Binney street is 29 feet 9 inches wide and Twenty-fourth street 43 feet 1 inch wide; and from the center of the south-bound track to the east curb of Twenty-fourth street is 26 feet 2 inches. The foregoing facts are shown by the evidence, and are either undisputed or are indisputable in view of the finding of the jury. Other facts will be discussed as the questions arise.

Plaintiff alleged, and the court submitted to the jury, three charges of negligence, viz.: (1) Excessive speed of the street car, (2) lack of adequate warning, and (3) lack of proper lookout. Defendant denied all negligence, and pleaded that the plaintiff and the driver of the automobile were negligent, and that plaintiff's injuries were the result

of the carelessness of plaintiff and of the driver. The jury returned a verdict for $4,000 in favor of plaintiff.

In its brief the appellant presents nine assignments of error. The first assignment is that the court erred in permitting Nissen, the driver of the automobile, to testify that, when he first observed the street car, it was running "about 30 to 35 miles an hour." Nissen testified that, when he first saw the street car, his automobile was in the intersection and the front end of it was within four to six feet of the west car rail and the front end of the street car was about 30 feet north of the north curb line of Binney street. He had qualified generally by showing his experience as a driver and his ability to estimate the approximate speed of a moving car. We have held that "a witness who sees a moving car, and possesses a knowledge of time and distance, is competent to express an opinion as to the rate of speed at which the car is moving." *Omaha Street Car Co. v. Larson,* 70 Neb. 591; *Pierce v. Lincoln Traction Co.,* 92 Neb. 797; *Oakes v. Omaha & C. B. Street R. Co.,* 104 Neb. 788. While the writer concedes that it is a close question but thinks this testimony was admissible and that its weight was for the jury to determine, others of our number think the driver had so little time at best to observe the street car and was so busy handling the automobile that his opportunities to judge of the speed of the car were too slight to form the basis of an opinion as to its speed in miles per hour. However, the majority agree that the admission of this testimony ought not to be considered so prejudicial to the defendant as to constitute reversible error in view of the other testimony as to excessive speed. There was testimony from which the jury could have found that, from the time Nissen first observed the street car and from the time the motorman first saw Nissen's automobile until the street car actually stopped, it traveled from a point 30 feet north of the north curb line of Binney street to a point about 75 feet south of the south curb of Binney street, a distance of about 135 feet. It might also be found as true that during all this time

the motorman was using such available means to stop the car as suggested themselves in the emergency. The distance traveled by a street car after a collision and before it is stopped may be considered by the jury in determining whether it was going at an excessive speed, under the circumstances and conditions. *Moran v. Omaha & C. B. Street R. Co.,* 108 Neb. 788.

The second assignment of error is to the effect that the court erred in not sustaining defendant's motions for a directed verdict. The argument proceeds on the erroneous theory that the testimony as to the speed of the street car is eliminated, and that the plaintiff has failed to prove any negligent operation of the street car. This assignment is without merit, as it is already evident that there was evidence competent for the jury to consider in the matter of the charge of negligence based on the alleged speed of the street car.

The court did not submit to the jury any instruction on the doctrine of the comparative negligence of plaintiff and defendant. In its opening statement of facts in the beginning of its brief, the appellant says that the doctrine of comparative negligence does not apply to the case; but several of the assignments of error and much of the brief are on that subject. These arise in the arguments concerning the instructions given by the court and concerning instructions tendered by the defendant and refused. It may well be said here that the instructions of the court were such as are founded on rules well established in this court and such as are conventionally given in cases where there is no negligence of both plaintiff and defendant to be compared and determined by the jury. The appellee argues that there was no such negligence shown in the evidence as between the two parties to the action and that it would have been erroneous if the court had given the jury an instruction as to comparative negligence. In this respect it is true that the answer of the defendant joins the driver and the plaintiff in charges of contributory negligence in approaching the intersection

at high speed, in failing to see and note the approach of the street car, in failing to stop and the like. But it is equally true that the evidence given before the jury failed to show any negligence whatever on the part of the plaintiff. As between the plaintiff and the company, the only question was as to whether the act of the street car company or the act of Nissen, who drove the automobile, was the proximate cause of throwing plaintiff out of the Ford car and breaking his leg. If Nissen, then the company was to be exonerated by the jury; if the company, then it was to be held for damages. Even if Nissen, who controlled the movement of the car, was negligent, his negligence will not be imputed to the plaintiff, unless the plaintiff was in a position at the time of the occurrence to have some control over him, or unless the relations between them were of such a nature as to raise an implied liability for the driver's acts. The rule in force in this state and in most of the states is this: "Except with respect to the relation of partnership, or of principal and agent, or of master and servant, or the like, the doctrine of imputed negligence is not in vogue in this state." *Hajsek v. Chicago, B. & Q. R. Co.,* 68 Neb. 539; *Craig v. Chicago, St. P., M. & O. R. Co.,* 97 Neb. 586; *Stevens v. Luther,* 105 Neb. 184. There was no evidence that these parties sustained any such close relation as listed above. Nissen and plaintiff were, it is true, going from Milwaukee to Dannebrog together, but on no joint enterprise, when they stopped at Blair. The trip to Omaha was purely a side trip which Nissen took to accommodate plaintiff and the girls, who were attending college at Blair. The evidence shows that plaintiff was, as the court told the jury, a passenger in the car. Moreover, the evidence shows that plaintiff believed, and had reason to believe, that Nissen was a careful driver, that he drove up to Twenty-fourth street in a prudent manner, that plaintiff was in the back seat with the curtains on and had no opportunity to act as lookout, that the truck would have obscured his view toward the street car longer than Nissen's, even if he had been in a position to see,

and that generally he not only did not control the movements of the automobile but would have been unable in the circumstances to do so at the time in order to avert the collision, had he been so disposed. There was no occasion for him to seek to drive the car from the back seat before the imminence of the impact and no opportunity thereafter. This court has recently held: "Where contributory negligence is pleaded as a defense, but there is no evidence to support such defense, it is error to submit such issue to the jury." *Koehn v. City of Hastings,* 114 Neb. 106. It follows that, where there is evidence of defendant's negligence but no evidence of plaintiff's contributory negligence, no instruction on comparative negligence should be given to the jury.

Appellant argues that it was the "rapid speed at which the automobile was being driven, not by any force from the street car," that produced the jar or shock when the right rear wheel of the automobile struck the curb on the east side of Twenty-fourth street. When we read the evidence and learn that the automobile was headed a little north of east when the collision occurred and that the right rear wheel struck the curb about 75 feet southeast of the point of impact, and that when the wheel struck the curb the automobile was facing west of north, we wonder if the writer of the brief wants us to conclude that the driver of the automobile reversed his gears at or after the collision, and negligently drove backward at "a rapid speed" until the rear wheel struck the curb? Inasmuch as plaintiff was not thrown from the automobile until after it struck the curb in the fashion stated, we find ourselves unable to assent to the appellant's proposition that the speed of the automobile was the proximate cause of plaintiff being thrown from the car and injured.

While numerous assignments have been set up in the brief, some of them are so interwoven with what we have said that they need not be discussed separately. We think what we have said covers all of them either directly or by implication. The questions of fact were submitted to

the jury under proper instructions. It was the province of the jury to deteimine the facts. We find no prejudicial error in the record and therefore are of the opinion that the judgment should be, and it is,

AFFIRMED.

REDICK, District Judge, dissents.

Note—See Trover and Conversion, 38 Cyc. 2009 n. 16, 2012 n. 37, 2024 n. 32, 2079 n. 85.